### BITTINER v. GOMPRECHT et al.

(Supreme Court, Appellate Term. June 28, 1899.)

ATTORNEY AND CLIENT—CONTRACT FOR COMPENSATION.

Where defendants agreed to pay an attorney a certain sum for his services, in case they should "realize * * * not less than" a specified amount on their claim, and they compromised for a less amount, the attorney cannot recover, in the absence of fraud.

Appeal from municipal court, borough of Manhattan, Eleventh district.

Action by Edmund Bittiner against Gustav Gomprecht and others. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Nathan Ottinger, for appellants.
Hayman & Rosenthal, for respondent.

LEVENTRITT, J. The plaintiff is an attorney and counselor at law, and as such represented one Salo A. Horowitz in an action on a promissory note in the sum of $735, instituted against him by the defendants. With a view of gaining time to plead in that action, and arranging an eventual discharge of his obligation, Horowitz, attended by the plaintiff, had an interview with the defendants and their attor-

neys. The inducement which Horowitz held out to obtain the conces-sions which he sought was the proffer of the services of himself and the plaintiff to enable the defendants to enforce payment of a certain claim owned by them. It appears that one Robert Valentine was in-debted to the defendants in the sum of $1,735, and that Horowitz was in the possession of information by the utilization of which the de-fendants might realize on their claim against Valentine. The inter-view led to the execution of the following agreement:

"Whereas, P. Gomprecht's Sons have a claim against one Robert Valentine for goods sold and delivered, amounting in the aggregate to about seventeen hundred and thirty-five dollars ($1,735), and Salo A. Horowitz is about to fur-nish them with information by which the said P. Gomprecht's Sons may be able to obtain an attachment against said Robert Valentine, and realize upon their said claim in whole or in part: Now, in consideration of the said Salo A. Horowitz furnishing said information, and of services to be rendered by Ed-mund Bittiner, attorney and counselor at law, the said P. Gomprecht's Sons hereby agree that, in the event that they shall realize upon said attachment so procured by them the sum of not less than one thousand dollars, expenses in-cluded, they will pay to Edmund Bittiner the sum of two hundred and fifty dollars, and will stipulate not to enter judgment against said Salo A. Horowitz upon the note of Theodore C. Gross of seven hundred and thirty-five dollars, indorsed by said Horowitz and dated May 15, 1896, and now in suit in the city court of the city of New York, and will release the said Horowitz from all claims and demands whatsoever; and, until the determination of said attach-ment proceedings, the time of the said Horowitz to answer the complaint in said city court action shall be extended from time to time.

"Dated, New York, September 18, 1896.　　　　　P. Gomprecht's Sons."

Thereupon, and pursuant to this agreement, Horowitz informed the defendants that Valentine had a claim against the city of New York in the sum of $1,666.66, being the rent due him for certain portions of the Florence Building, occupied by one of the district courts, and that this debt could be attached, as Valentine was a nonresident of the city and county of New York, and had no office therein where he regularly transacted business in person. On the strength of this in-formation a warrant of attachment was obtained on the 18th day of September, 1896, in the city court of the city of New York, and a copy thereof, with notice, was served by the sheriff on the deputy comp-troller on the 19th day of September, 1896. After default judgment entered on the 1st day of October, 1896, the defendants regularly filed their claim against the city. At that time, however, one Alice Gross had already presented a claim for the same rents, and had begun an action therefor, arising out of the following facts and circumstances: Her husband, Theodore C. Gross, was the owner of the Florence Building, and had, on the 14th day of May, 1896, made a lease thereof to Valentine for a term of 15 years. Thereafter the latter, being in arrears for the rent therein reserved, assigned to Gross, who, in turn, on the 14th day of September, 1896, assigned to his wife, the same rents which the defendants sought to attach five days later. An ac-tion having been begun by Alice Gross against the mayor, aldermen, and commonalty of the city of New York to establish her prior right to the rents, a motion was made on behalf of the city to interplead the defendants herein and other adverse claimants. That application was granted on the 11th day of February, 1897, and the sum in dispute deposited with the chamberlain. The defendants herein, ignorant

of the consideration for and the circumstances under which the successive assignments from Valentine to Gross and from Gross to his wife had been made, interposed an answer attacking their validity. After investigation, the defendants having, as they assert, become convinced that they could not successfully attack the claims of the other contestants, entered into an agreement with them providing for an equal division of the fund.    Each of the three claimants received the sum of $573, and the interpleader action was thereupon, on the 8th day of October, 1897, discontinued.    All that the defendants realized was the $573 paid to them by the chamberlain.    After they had received that sum, the plaintiff demanded of them the $250 mentioned in the agreement.    Upon their refusal to comply, on the ground that they had not realized as much as $1,000, this action was instituted, and eventuated in a judgment for the plaintiff.

We have indulged in this detailed statement of the facts to indicate what conclusively appears from the extensive record,—that the defendants acted throughout in perfect good faith.    In fact, the testimony discloses neither proof nor suggestion to the contrary.    Although disputed, it may be conceded that the plaintiff performed services at the instance of the defendants, and did all that was required of him under the agreement.    Still he cannot recover.    That agreement clearly and explicitly provides that Edmund Bittiner (the plaintiff) shall receive the sum of $250 "in the event that they [the defendants] shall realize upon said attachment so procured by them the sum of not less than one thousand dollars."    That was the agreement the parties chose to make.    We cannot make another for them.    To entitle the plaintiff to recover, the burden was on him to show that $1,000 was realized, or that the failure to realize it was due to the fraud, collusion, or bad faith of the defendants.    Having failed to offer any proof to carry that burden, he cannot invoke the aid of the courts to mold and modify the agreement to fit a situation not contemplated by the parties.    We think that the facts as they were disclosed on the trial justified the defendants in effecting a compromise; but, even if this were not so, the plaintiff, in the absence of proof of actual intent to defraud, would be remediless.    The plaintiff, learned in the law, participated in the drafting of the agreement.    We cannot provide for a contingency against which he made no provision.    The word "realize," used in connection with the conversion of claims or demands into money, is a very broad term, probably as broad as any in language or law, and may reasonably be said to include the term "compromise." We must presume that it was used advisedly.    A more restricted expression could readily have been adopted.    It is evident why the limitation of "not less than one thousand dollars" was inserted.    The realization of that sum would have entailed on the defendants the release of their $755 claim against Horowitz, and the payment of $250 to the plaintiff,—in all, $985.    It is therefore apparent that it was the intention of the defendants so to phrase the agreement on their part that they should not be called upon to relinquish more than they realized.    If they were more astute in protecting themselves than the plaintiff, they are entitled to the benefit of their bargain, and the plaintiff must abide by the terms to which he assented.    To allow, on the

evidence adduced, a recovery under this agreement, would be to hold that a contract is a mere idle formality, which, instead of concluding the rights of the parties, would leave them to be shaped by subsequent developments. The judgment must be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.