### SAMUELS v. SIMPSON.

(Supreme Court, Appellate Division, First Department. May 12, 1911.)

1. ATTORNEY AND CLIENT (§ 144*)—COMPENSATION—AGREEMENTS—CONSTRUC-
TION.

An attorney should have his agreements with clients so plain as not to require construction, and, even though the client has independent advice, doubtful clauses are to be construed most strongly against the attorney.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 332, 333; Dec. Dig. § 144.*]

2. ATTORNEY AND CLIENT (§ 166*)—ACTION FOR COMPENSATION—SUFFICIENCY
OF EVIDENCE.

In an action by an attorney for compensation for services, evidence *held* insufficient to support a judgment for plaintiff.

[Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 166.*]

Action by S. Livingston Samuels against Julia K. Simpson. Submission of controversy on agreed facts pursuant to Code Civ. Proc. § 1279. Judgment for defendant.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

---

Robert E. Samuels, for plaintiff.
Harold Otis, for defendant.

MILLER, J.　The plaintiff was retained by the defendant to prosecute two actions, one for the specific performance of an oral agreement, alleged to have been made with her husband, by which they agreed to make mutual, irrevocable wills in each other's favor; the other, for the construction of the last will and testament of her husband.　The plaintiff was first consulted with reference to the commencement of the first action; but, after examining said will, he advised the bringing of the latter action also "so as to avoid the residuary bequest."　With reference to his fees, he first proposed that he have a fee of 25 per cent. of the amount recovered, saying:

"This means that, if we fail to recover anything beyond the one-third share of the income expressly secured to you by the will, you are to pay me nothing for fees."

Thereafter a formal agreement was entered into, which, it is fair to say, was not signed by the defendant until she had had the benefit of independent advice.　By said agreement the defendant retained the plaintiff to prosecute said action for specific performance and also an action for the construction of the will; the declared purpose being to secure to the defendant such benefits as could be obtained, over and above the one-third share of the income of said estate bequeathed to her by the will, and authorized him to collect for her the proceeds of said actions.　Her agreement to compensate him was couched in the following language:

"I agree to pay my said attorney for his services in the matter 15 per cent. of the net amount recovered by him by suit or 10 per cent. in case of compromise, said percentage to be reckoned only upon the amount recovered over and above the value of said one-third share of the income of said estate bequeathed to me by said will dated October 11, 1902, provided said one-third share is included in said recovery, the value of said one-third share to be estimated according to the Northampton Tables of Mortality, besides all taxable costs and disbursements in excess of any costs or disbursements paid by me."

An action was thereafter brought for specific performance and also for the construction of the said will.　The first cause of action was abandoned on the trial because of the death of a witness; but the trial of the second cause of action resulted in a judgment, adjudging that the entire will was void.　The testator attempted by his will, so far as material here, to create three trusts; to give the income of one-third of his estate to the widow, this defendant, for life, then to a brother and sister and the survivor of them for life, remainder to a nephew and niece; the income of another one-third to a brother for life, then to the sister for life, then to the defendant for life, remainder to the said nephew and niece; and the income of the other one-third to a sister for life, then to a brother for life, then to the widow for life, remainder to said nephew and niece.　The plaintiff evidently expected at the outset—although it is difficult to understand how that view could have been entertained—that, though successful in the action for the construction of the will, the trust to pay income to the

defendant for life might be sustained; and he contends that his fee was to be reckoned in that event upon the amount recovered over and above the said one-third share of income, and in any other case upon the entire recovery; that contention being based upon the words "provided that said one-third share is included in said recovery."

It is difficult to tell what was intended by the words last above quoted. The use of those words appears to have been about as needless, as the said expectation was groundless. The construction, for which plaintiff contends, leads to the result that he would gain by defeating the bequest to his client. The parties may have had in mind, when the contract was drawn, that if the gift to the defendant was sustained, it would not be included in the recovery, and that the remainder, her share of the thing recovered, not the life estate, would have to be valued; that the life estate would only be included in the recovery, and therefore have to be valued in case the action for specific performance was successful or in case the entire will was held to be void. The plaintiff displays much ingenuity in undertaking to show what the doubtful phrase means; but his reasoning is difficult for us to follow, altogether too subtle for the understanding of his client, although it is said that she was an intelligent, well-educated, and prudent woman.

[1] An attorney ought to have his agreements with his clients so plain as not to require construction, and, even though the client has independent advice, we think that doubtful clauses are to be construed most strongly against the attorney.

[2] Laying aside speculation and fine-spun arguments, it is plain that the plaintiff was retained to secure for the defendant some results more favorable to her than the income of one-third of the estate for her life, and that his fee was to be computed on whatever he secured for her in addition to the value of her beneficial interest under the will.

Upon the termination of the action for the construction of the will, and on the 29th of December, 1910, the executors' accounts were judicially settled by a decree of the Surrogate's Court. According to that decree, the total net capital of the estate amounted to $99,699.75, and the total net income amounted to $32,547.63. The defendant's total distributive share was $51,849.88 of capital and $17,019.20 of income, or $68,869.08 in all. The defendant has paid the plaintiff $6,810; but the plaintiff contends that in any event the value of the defendant's income for life on one-third of the estate should be computed according to the Northampton Tables from January 8, 1905, the date of the testator's death. She then had an expectancy of 9.925 years, and the value of her life income on one-third of $99,699.75, thus computed, would amount to the sum of $16,492.37, which deducted from $68,869.08 leaves $52,376.71, 15 per cent. of which is $7,856.50. The difficulty with that is that, if the value of the defendant's beneficial interest under the will is to be computed as of the death of the testator, then the value of the interest recovered by the plaintiff is to be determined as of that date. The recovery by the plaintiff of the defendant's distributive share of capital, $51,849.88, less the value of her beneficial interest under the will, computed as of the testator's

death, $16,492.37, leaves $35,357.51, 15 per cent. of which is less than the amount already paid the plaintiff. The defendant, however, concedes that the plaintiff is entitled to reckon his fee on the income earned at the time of the settlement, as well as on the capital recovered. If so, it is obvious that the two are to be computed separately. There is no occasion for estimating the value of the defendant's share of income actually received, because that is known. The total income recovered was $32,547.63; the defendant's distributive share of that was $17,019.20. She would have received under the will $10,849.21. Wherefore the plaintiff gained for her of income $6,169.99. The income having thus been ascertained from actual experience up to the 29th of December, 1910, it remains to estimate the value of her future income from that time, which is $14,620.27. That sum deducted from her distributive share of capital leaves $37,225.61, thus making a total recovery of both capital and income in addition to what she would have received under the will of $43,395.60, 15 per cent. of which is $6,509.34, which is less than the amount already paid.

Strictly the amount recovered by the plaintiff for the defendant should be confined to capital and computed as of the testator's death, to which time the recovery relates. The income earned on that is not a part of the recovery. It is but an incident to the defendant's right to the property thus established. But with either method of reckoning the plaintiff has been overpaid.

The defendant should therefore have judgment in accordance with the terms of the stipulation, with costs. All concur.