(148 App. Div. 326.)

## HAWKE v. DORF.

(Supreme Court, Appellate Division, First Department. December 29, 1911.)

1. ATTORNEY AND CLIENT (§ 144*)—CONTRACTS—CONSTRUCTION.

Where a contract between an attorney and his client for professional services was prepared by the attorney, and the contract is capable of more than one construction, it must be construed most strongly in favor of the client.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 332, 333; Dec. Dig. § 144.*]

2. ATTORNEY AND CLIENT (§ 144*)—CONTRACT OF EMPLOYMENT—COMPENSATION.

A contract between an owner of property about to be taken by the city of New York under its charter, allowing interest on the compensation from the date of vesting title in the city, and an attorney, stipulated that the owner would pay him 20 per cent. of any amount that might be awarded for the property above the city's expert's lowest appraisal. The city's expert appraiser fixed the value of the property at $45,738, and the commissioners awarded the owner of $49,000. *Held*, that the attorney was only entitled to 20 per cent. of the difference between the city's valuation and the award made by the commissioners as of the date on which the city acquired title, plus interest on that 20 per cent. from the date of vesting the title to the date of the filing of the report, and not to 20 per cent. of the difference between the valuation of the appraiser and the total award including interest on the whole sum.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 332, 333; Dec. Dig. § 144.*]

Dowling, J., dissenting.

Appeal from Special Term, New York County.

Proceedings by Edward H. Hawke, Jr., to determine an attorney's lien for services rendered in proceedings by the City of New York in the acquisition of title to the real estate of Max Dorf for street purposes. From an order fixing and determining the lien on the moneys awarded, the owner of the property taken appeals. Modified and affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Abraham I. Spiro, for appellant.

Wm. D. Leonard, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date; & Rep'r Indexes

SCOTT, J. This appeal involves the construction of and the effect to be given to a contract for compensation between an attorney and a person whose land was about to be taken by condemnation in a street opening proceeding. The contract, after reciting the retainer of the attorney, provided for his compensation as follows:

"In consideration of his services (I) agree to pay and assign to said attorney twenty per cent. of any amount that may be awarded for said property over and above the city expert's lowest appraisal."

It is not denied that the attorney faithfully rendered the services for which he was employed, and that his client benefited thereby. By virtue of the provisions of the Greater New York charter and the appropriate resolution by the board of estimate and apportionment, title to the property vested in the city of New York on April 1, 1909, but the report of the commissioners of estimate was not filed until June 15, 1911. By the terms of section 990 of the Greater New York charter (Laws 1901, c. 466), in cases in which title to property acquired vests in the city before the report of the commissioners is filed, it is provided that:

"Interest at the legal rate upon the sum or sums to which the owners, lessees, parties or persons are justly entitled upon the date of vesting title in the city of New York as aforesaid, from said date to the date of the report of the commissioners of estimate shall be allowed by the commissioners as part of the compensation to which such owners, lessees, parties or persons are entitled."

The commissioners in the case at bar awarded to the property owner as the sum to which he was justly entitled upon the date of vesting of title in the city the sum of $49,000, to which they added, under the terms of the statute above quoted, legal interest to the date of filing their report amounting to $6,492.50, making a total award of $55,492.50, which then constituted the total award to the property owner. The city called but one expert witness as to value, and he estimated the value of the property at $45,738. The attorney claims, and the Special Term has upheld him, that what he is entitled to is 20 per cent. of the difference between the foregoing valuation by the city's expert, and the total award made to his client, including the interest. The client contends that the attorney is only entitled to 20 per cent. of the difference between the city's valuation and the estimate of value made by the commissioners as of the date on which the city acquired title, plus interest upon that 20 per cent. from the date of the vesting of title to the date of filing of the report.

[1] Although it is not so stated in the moving papers, it is undoubtedly the fact that the agreement for compensation was prepared by the attorney. Assuming this to be so, the instrument, if capable of more than one construction, is to be construed most strongly in favor of the client. Hitchings v. Van Brunt, 38 N. Y. 335.

[2] It is true that under the terms of the statute interest upon the value fixed upon the property as at the date of the acquisition of title is included in the term "compensation," but that fact does not, as it seems to us, conclusively establish the effect to be given to the contract of employment. What the client contracted for was the skill,

labor, and experience of the attorney in procuring as large an award from the commissioners as possible. Such service could only affect the matter which lay within the judgment of the commissioners which was limited to the determination of the value of the property at the date upon which the city acquired title. That having been determined, interest followed automatically. The best efforts of the attorney could affect only the determination arrived at by the commissioners as to the value of the property at the time title vested. Whatever testimony they took must have been as to the value at that time, and the evidence of the city's expert as to value must have had reference to the same time. If the commissioners had accepted the valuation of the city's expert, the attorney's efforts to procure a larger award would have been fruitless, yet interest upon the amount would have followed as a matter of course, and would have been included in the award as compensation. In that case it would certainly not have been within the reasonable contemplation of the parties that the attorney should receive 20 per cent. of the interest. When the attorney agreed to base his fee upon a comparison between the amount awarded for the property and the lowest estimate made by the city's expert, the reasonable construction of the contract is that he was to receive 20 per cent. of the amount his client gained by reason of his services, over the award he would have gained if the city's lowest appraisal had been accepted, and the attorney had rendered no services in the matter. In other words, the client was to pay 20 per cent. of the advantage which accrued to him in consequence of the attorney's employment. It is not without significance that the contract does not use the word "compensation." What is to determine the fee is the lowest appraisal by the city's expert, and "any amount which may be awarded for said property." The amount awarded for the property by the commissioners was $49,000, the balance of the final award was added by force of the statute, and included in the total compensation not because the commissioners awarded, it but because the statute added it to their award. In our opinion the construction of the contract contended for by the appellant is the proper one.

The order appealed from will therefore be modified so as to direct the payment to the attorney of the sum of $738.73, with interest from June 15, 1911, and, as modified, affirmed, with $10 costs and disbursements to the appellant.

INGRAHAM, P. J., and CLARKE and McLAUGHLIN, JJ., concur. DOWLING, J., dissents.