VIRGIL FALLOON, ADMINSTRATOR, APPELLANT, v. JOSEPH H. MILES, APPELLEE.

FILED DECEMBER 14, 1918.   No. 20152.

1. Attorney and Client: CONTRACT: NEW TRIAL. A new trial on the ground of newly-discovered evidence is a statutory remedy which attorneys may reasonably contemplate in making a contract to protect, for specific fees, the interests of their client in pending litigation.

2. ———: ———: CONSTRUCTION. The general rule is that a doubtful or ambiguous contract for professional services and compensation of the attorney who drew it should be construed in favor of the client.

APPEAL from the district court for Richardson county: GEORGE F. CORCORAN, JUDGE. *Affirmed.*

*S. P. Davidson* and *Virgil Falloon,* for appellant.

*Mahoney, Kennedy, Holland & Horan* and *John Wiltse, contra.*

Rose, J.

This is an action by Edwin Falloon, plaintiff, to recover $16,647.60, alleged to be the reasonable value of professional services performed by him as attorney for Joseph H. Miles, defendant. The claim was resisted on the grounds that plaintiff had performed the services in controversy under a written contract and that he had received the stipulated compensation. At the trial plaintiff adduced evidence tending to prove that he performed the services pleaded in his petition and that the reasonable value thereof exceeded the amount claimed. At the close of his testimony, however, the trial court sustained a motion to direct a verdict in favor of defendant. The action was accordingly dismissed. Later plaintiff died, and the cause was revived in the name of Virgil Falloon, administrator, who has appealed to this court from the judgment of dismissal.

Edwin Falloon, plaintiff, with other attorneys, was employed by defendant to protect the latter's interests under what is called the "Rulo will" of Stephen B. Miles, deceased. The estimated value of testator's estate exceeded $1,000,000, and defendant, under the Rulo will, was entitled to all of it except $150,000. The Rulo will was executed in 1888 and was probated in the county court for Richardson county December 2, 1898. After the time to appeal from the order of the probate court had expired, Joseph Williams and others, heirs at law of Stephen B. Miles, deceased, commenced a proceeding March 29, 1899, in the county court for Richardson county to set aside the probate of the Rulo will, and to probate a will alleged to have been executed by Stephen B. Miles in 1897, described as the "St. Louis will." Twelve days after the St. Louis will had been offered for probate, Joseph H. Miles, defendant herein,

engaged attorneys, including Edwin Falloon, by written contract, in the following form:

"This agreement made this 10th day of April, 1899, between Joseph H. Miles, of the first part, and Clarence Gillespie, Francis Martin, and Edwin Falloon, of the second part, witnesseth: -

"Said Joseph H. Miles hereby employs said Martin, Gillespie, and Falloon as his attorneys to defend his interests in certain litigation now pending in the county court of Richardson county, Nebraska, concerning the probate of the will of Stephen B. Miles, deceased, and, in consideration of the services of said parties of the second part, said party of the first part agrees to pay the sums and amounts following, to wit:

"For the trial of said cause in the county and district courts of said county the sum of six thousand dollars ($6,000) to be paid as follows, fifteen hundred dollars ($1,500) cash, and on the entry of the judgment of said county court fifteen hundred dollars ($1,500) additional. If said cause goes no further, then the additional sum of three thousand dollars ($3,000), making six thousand dollars in all. But if said cause is appealed or taken to the district court said second sum of three thousand dollars (3,000) shall be paid as follows: $1,500 upon the termination of said cause in the district court, and in the event of said cause being taken to the supreme court of Nebraska the remaining $1,500 at its termination. If said cause shall be taken by either party to the litigation to the supreme court of Nebraska, then said Miles shall pay said attorneys the further sum of $9,000, making in all $15,000, provided, however, if said Miles shall be eventually unsuccessful in said supreme court the fees for services in said supreme court shall be $1,500, or $7,500 in all of said courts. In case said cause shall be removed to the inferior federal courts and there terminated successfully in favor of Miles, the fees shall be $15,000, or if terminated there unsuccessfully the fees shall be $7,500. If said cause shall be taken to the

United States supreme court the fees shall be $5,000 additional, or $20,000 in all in the event of success, and in the event of failure $10,000 in all. In addition to the above the said Miles agrees to pay all costs and necessary expenses in any event.

"Said parties of the second part hereby accept said employment on said terms, agree to divide all fees equally and to give all matters connected with said litigation their best care, skill and ability, and at all times to protect the interests of said Miles.

"This contract also binds the parties to continue in the management of said matters to the end in all courts if the same shall be reversed by any superior court. This employment includes and comprehends without additional fees the litigation concerning the claim of Mead to the one-sixteenth of said estate.

"Witness our hands the day and year last above written.

                    "J. H. MILES.
               "CLARENCE GILLESPIE.
                 "FRANCIS MARTIN.
                 "EDWIN FALLOON."

Were the services for which compensation is sought herein performed by Edwin Falloon, plaintiff, under the contract quoted? The St. Louis will was rejected in the county court, in the district court on appeal from the county court, and in the supreme court on appeal from the district court. The judgment of the district court for Richardson county in favor of defendant herein, rejecting the St. Louis will and refusing to set aside the order probating the Rulo will, was affirmed in the supreme court April 9, 1903. *Williams v. Miles,* 68 Neb. 463. The position of plaintiff herein is that his services under the written contract were then completed, that he had then earned one-third of the stipulated compensation, or $5,000, and that he is entitled to additional compensation for subsequent services performed by him for defendant in other proceedings described as follows:

While the appeal of the heirs at law was pending in the supreme court, they filed in the district court for Richardson county, from which the appeal last mentioned had been taken, a petition asking for a new trial on the ground of newly-discovered evidence, and renewed their prayer to set aside the probate of the Rulo will and to probate the St. Louis will. Compensation for services of plaintiff herein as attorney for defendant herein in resisting the second petition is the subject-matter of the present suit.

Plaintiff argues that the professional services performed in protecting the interests of defendant in the new proceeding were not within the contemplation of the parties to the written contract, when made, and that additional compensation is recoverable for the reasonable value of the additional services. The answer to this argument is found in the terms of the contract itself. Defendant herein is a layman. The contract was drawn by his attorneys. It speaks their language, describes the services to be performed, and fixes the terms of compensation for protecting the interests of defendant in a 1,000,000-dollar controversy already in court. The Rulo will, giving their client all of testator's estate except $150,000, had already been probated, and the time to appeal from the order of the probate court had expired. The undetermined course of litigation was in the minds of the attorneys, as shown by the language used in the contract drawn by them. Definite compensation for, and services of, lawyers to protect the client's interests under a probated will were in the minds of the parties. These interests had already been menaced by a proceeding to probate an alleged later will making a different disposition of decedent's estate. According to the literal terms of the contract, the attorneys were employed by defendant "to defend his interests in certain litigation now pending in the county court of Richardson county, Nebraska, concerning the probate of the will of Stephen B. Miles, deceased."

This employment is not limited to a case, or to a proceeding, or to a petition, but extends to "litigation" concerning the "probate of the will of Stephen B. Miles, deceased." Litigation concerning that subject fairly includes the application, on the ground of newly-discovered evidence, for a new trial in the proceeding which resulted in the rejection of the St. Louis will. A new trial on the ground of newly-discovered evidence is a statutory remedy which attorneys may reasonably contemplate in making a contract to protect, for specific fees, the interests of their client in pending litigation. In the first proceeding the district court's judgment rejecting the St. Louis will and refusing to set aside the Rulo will, when affirmed by the supreme court in *Williams v. Miles*, 68 Neb. 463, was not a "termination" entitling plaintiff herein to the remainder of his stipulated compensation within the meaning of the contract, since the application to set aside the district court's judgment, from which the appeal to the supreme court had been taken, was pending, and, if ultimately granted, would have destroyed the affirmed judgment.

The contract, according to its plain import, required plaintiff herein to perform the services for which he is seeking to recover; but, even if there were two reasonable constructions, the one most favorable to defendant should be adopted. The general rule is that a doubtful or ambiguous contract for professional services and compensation of the attorney who drew it should be construed in favor of the client. 6 C. J. p. 738, sec. 314; *Samuels v. Simpson*, 129 N. Y. Supp. 534; *Walsh v. Board of Trustees*, 17 Mont. 413; *Hawke v. Dorf*, 133 N. Y. Supp. 23, 204 N. Y. 671.

In this view of the contract and the law, plaintiff did not make a case. It follows that the judgment of the district court is

AFFIRMED.

LETTON and ALDRICH, JJ., not participating.