No. 9391.

## WELDON *v.* NEWSOM.

APPEAL AND ERROR—*Premature Action.* Agreement that whenever certain lands acquired by defendant through the aid of plaintiff should be sold, defendant should deduct his expenses in per-fecting the title, and "the balance should be divided equally." Defendant had in fact bargained the land, but received only $100 on account, and there was no evidence that any profit had been realized. The action was held premature, and the motion for non-suit properly sustained.

*Error to Washington District Court, Hon. H. P. Burke, Judge.*

Mr. CHAS. CLYDE BARKER, for plaintiff in error.

Mr. ISSAC PELTON, Mr. W. H. WADLEY, for defendant in error.

Opinion by Mr. Justice Allen:

THIS is an action wherein the plaintiff seeks to recover from the defendant a certain share of profits alleged to

have been realized by the latter from the sale of a tract of land in Washington County. The plaintiff prevailed in the trial court, and the defendant brings the cause here for review.

The only question which need be considered by this court, in the determination of this cause, is the correctness of the trial court's ruling upon the motion hereinafter mentioned. At the close of the plaintiff's evidence, and again at the close of the trial, which was before the court without a jury, the defendant interposed a motion for a non-suit upon the ground that the action was prematurely brought and "that no cause of action on behalf of the plaintiff had arisen at the time this action was instituted nor does it exist at this time." This motion was overruled by the court.

The complaint, among other things, alleges, in substance, that the plaintiff furnished to the defendant the name and address of the owner in fee of the land in question, whereby the defendant was enabled to, and thereafter did, take steps to acquire the title to the land; that the defendant agreed with the plaintiff "that he would share with plaintiff equitably any profits that might be realized in final settlement of or upon the sale" of the land; that it was agreed "that whenever the land  *  *  *  should be sold, that defendant should first deduct from the proceeds whatever moneys he had actually expended in and about perfecting the title to said lands, and that the balance thereof should be divided equally between the plaintiff and defendant, one-half to each." The complaint further alleges "that the defendant has sold said land and premises to one Charles Jackson, at and for the price and sum of $2,400 cash."

There is nothing either in the pleadings or in the proof showing that there was any agreement between the parties whereby the plaintiff should receive anything merely as the result of the defendant's acquiring title to the property. The letters introduced in evidence by the plaintiff tended to show an agreement with reference to profits. The plaintiff's Exhibit D is a letter from the defendant, and contains

the following expression: "If you have my agreement or promise to share the profits with you when the land can be sold, I will keep my promise." The plaintiff's Exhibit H is a letter from plaintiff to defendant, signed in the name of plaintiff's firm, H. G. Newsom & Son, and the writer or writers made use of the phrase, "our share of the profits from the sale of the land." No cause of action could arise in favor of the plaintiff until the defendant should sell his land and receive the proceeds of the sale. According to the plaintiff's complaint itself, it is the "balance" of the "proceeds" that was to be "divided equally between the plaintiff and defendant."

The motion for non-suit was interposed upon the theory that there is no evidence that any profits had been realized by the defendant from a sale of the land. The plaintiff, on this branch of the case, went no further than to introduce in evidence an agreement between the defendant and one C. F. Jackson, whereby the latter agreed to purchase the land, and also to show that $100 had been paid by Jackson at the time the agreement was signed, which sum is far less than the amount which, it is conceded, the defendant expended in perfecting title to the land.

There is no evidence that the defendant received any cash, other than the sum of $100 above mentioned; nor that he received anything which could be regarded as the equivalent of money or convertible into cash. No attempt was made by the plaintiff to show that Jackson ever made any other payments under his contract, either at the time the action was brought or at any time prior to the trial. No such showing being made, there was therefore no evidence that the defendant ever received any "proceeds" which, according to the plaintiff's complaint, "should be divided equally" between the parties. The profits, according to the contract pleaded, were such as "might be realized." The term "realize," as used under these circumstances, means "to reduce to actual cash in hand." 33 Cyc. 1558. The cause of action, as set forth in the complaint, had not accrued either at the time the action was commenced or at

the time of trial. The action was therefore prematurely brought. Objections to premature commencement may be made the basis of a motion for non-suit. 1 C. J. 1152, sec. 398. It was error to overrule the defendant's motion.

The judgment is reversed with directions to dismiss the action.

*Reversed.*

Chief Justice Garrigues and Mr. Justice Bailey concur.