NELLIE T. McAVOY, as Executrix, etc., of FRANCIS S. McAVOY, Deceased, Respondent, Appellant, *v.* SIDNEY C. SCHRAMME, Appellant, Impleaded with INWOOD LAND AND IMPROVEMENT COMPANY, INC., Respondent.

First Department, May 12, 1933.

*Charles L. Craig*, for the plaintiff.

*Louis L. Archer* of counsel [*Elon S. Hobbs*, attorney], for the appellant Schramme.

*Harry J. Gluskin* of counsel [*Tolleris & Gluskin*, attorneys], for the respondent Inwood Land and Improvement Company, Inc.

O'MALLEY, J. The plaintiff, as executrix, sues at law to recover for legal services performed by her testator, an attorney. The action is predicated upon a written contract of retainer between the testator and the individual defendant, Schramme, made on February 9, 1917. The corporate defendant was sought to be held upon the theory that it adopted and ratified the agreement made by Schramme, one of its stockholders, and that it received and enjoyed the full benefit of the services rendered.

The agreement involved was before us on a former appeal on a complaint, whereby plaintiff sought to enforce an alleged equitable lien. Such relief was denied upon the ground that the facts alleged afforded no basis for such relief. (*McAvoy* v. *Schramme*, 219 App. Div. 604.) We were affirmed by the Court of Appeals. (*McAvoy* v. *Schramme*, 245 N. Y. 575.) Plaintiff then elected to proceed at law.

The agreement sued upon reads:

" WHEREAS Sidney C. Schramme, residing at Spuyten Duyvil, New York, and having his place of business at No. 277 Broadway, New York City, is the holder of approximately thirty-five (35) per cent of the stock of the Inwood Land & Improvement Company, which company owns a tract of land shown on the attached map, which is signed by the parties hereto for the purpose of identification, the balance of said stock being owned by Ladenberg, Talman & Co., and Whereas the said Sidney C. Schramme is desirous of realizing on his said holdings,

" *Now therefore*, it is agreed as follows:

" I. The said Sidney C. Schramme hereby retains Francis S. McAvoy as his exclusive attorney to represent him and arrange, if possible, to realize in whole or in part on his holdings, and the said Francis S. McAvoy agrees to use his best endeavors to assist in realizing upon such holdings, which is to be accomplished by way of sale, mortgage or exchange or in any other manner approved by said Sidney C. Schramme.

" II. The said Francis S. McAvoy for his services is to receive in cash twenty-five per cent of whatever is realized by the said Sidney

C. Schramme out of such holdings, whether the same be by way of sale, mortgage, hypothecation, exchange or in any other manner.

"*In witness whereof*, the parties hereto have hereto set their hands and seals this 9th day of February, in the year nineteen hundred and seventeen.

"S. C. SCHRAMME,
"FRANCIS S. McAVOY."

When the agreement was made the corporate defendant, Inwood Land and Improvement Company, Inc., owned a tract of unimproved land in the Inwood Hill section of the borough of Manhattan, consisting of some 300 city lots. This was the corporation's only asset. The property was hilly woodland in its natural state. Foreclosure of a mortgage was threatened and there was danger that some equity of the corporation might be wiped out. Those interested in the corporation, including the defendant Schramme, who was the owner of 550 shares of the total issue of capital stock of 1,500 shares, were desirous of disposing of the property. The evidence shows there was little prospect at the time of selling the property at an advantage either in whole or in part.

Plaintiff's evidence was ample to show that, as a result of the efforts of the testator, the city of New York was induced, through the various city departments having the matter in charge, including the board of estimate and apportionment, to change the map or plan of the city by laying out an addition to the Inwood Hill Park, which adjoins the property in question, so as to include the land as a part of such park. This was finally accomplished by resolution of the board of estimate and apportionment adopted and made effective by the signature of the mayor on April 13, 1923. The city authorities acted pursuant to section 442 of the Greater New York Charter in so changing the map or plan of the city as to include the property for park purposes.

Immediately thereafter the city proceeded to condemn the property, with the result that on January 11, 1927, a net award in the sum of $836,208.60 was paid to the corporate defendant for the property so taken. The defendant Schramme's proportionate share of this award, as measured by his stock holdings in the corporation, was the sum of $306,052.35. Plaintiff has recovered slightly less than twenty-five per cent of this sum, or $76,500, which, with interest and costs, including an extra allowance, makes a total judgment in the sum of $98,647.63. The complaint as against the corporate defendant was dismissed at the close of the case.

This judgment is attacked upon various grounds. It appears without dispute that the defendant Schramme terminated the testator's contract of retainer on May 21, 1923. The alleged

reason for the discharge was that certain litigation with the owners of the majority stock of the corporation had been terminated. It is urged, therefore, that plaintiff, if entitled to recover at all, was limited to a recovery upon the theory of a *quantum meruit* for the reason that at the time the retainer was terminated the testator had not fully performed. It is further contended that a recovery upon any theory may not be sustained by reason of plaintiff's failure to show performance by way of proof that the defendant Schramme had in fact realized upon his holdings in the corporate defendant; that proof of payment of the award to the corporation falls short of the burden required to be borne by the plaintiff under the contract sued upon.

It is well established that a client may discharge his attorney at any time for any reason he deems sufficient. In such circumstances the attorney is relegated to an action for the reasonable value of his services, unless he has fully performed his contract. In the event of full performance prior to discharge, however, the attorney may stand upon his contract and the measure of his damages is the agreed value of his services. (*Martin v. Camp*, 219 N. Y. 170; *Matter of City of New York*, Id. 192; *Matter of Dunn*, 205 id. 398.)

Whether plaintiff's testator had in the circumstances of this case fully performed his contract prior to his discharge was left to the jury as a question of fact. It is urged by the plaintiff respondent that their finding in this respect had support in the evidence and may not be disturbed. Appellant contends that full performance of the contract of retainer could not be had until Schramme received in cash or otherwise his distributive share of the corporate assets realized by reason of the city's taking title to the real property.

A determination of this question depends upon an interpretation of the contract of retainer, particularly with respect to the intention of the parties as disclosed by its terms in the light of the surrounding facts and circumstances. It is true that by the use of the word " realize " there is ordinarily intended the receipt of cash in hand. (*Bittiner v. Gomprecht*, 28 Misc. 218; *Lorillard v. Silver*, 36 N. Y. 578, 579.) It has been so held in jurisdictions other than New York. (*Chelan Orchards v. Olive*, 134 Wash. 324; 235 Pac. 905; *Weldon v. Newson*, 67 Colo. 502; 186 Pac. 516.)

The contract under consideration, however, may not receive such a narrow interpretation. It provided that McAvoy was to receive twenty-five per cent in cash of whatever was realized by Schramme out of his holdings, whether by way of sale, mortgage, hypothecation, exchange or any other manner approved by Schramme. By its very terms, therefore, the agreement showed that McAvoy's remuneration in cash was not to depend upon

Schramme's receiving cash for his holdings. Such was the basis of our decision and that of the Court of Appeals in the equity action already mentioned.

The use in this contract of the words " mortgage * * * or in any other manner " lends further support to the plaintiff's contention that her testatrix was entitled to remuneration, even though Schramme did not receive anything from the corporation in addition to his stock holdings. Upon the whole record it is clear that Schramme approved unreservedly of McAvoy's scheme of having the city acquire the property for park purposes not only as in furtherance, but in fulfillment of, the contract of retainer. Under such circumstances, to hold that Schramme could not be considered to have realized upon his holdings and that McAvoy would not be entitled to remuneration, would result in a construction of the contract both unreasonable and inequitable, one that would place McAvoy at the mercy of Schramme. It well might be that the corporation would never distribute to its stockholders in cash or otherwise the proceeds received from the city in acquiring the real property. McAvoy, under such circumstances, might have to wait a lifetime, or his legal representatives for a long period after his death, before a recovery for compensation might be had. In the meantime Schramme's holdings might have greatly depreciated in value or become entirely worthless. A construction leading to such a result should be avoided, if possible.

In an analogous case, where the word " realize " was used, one seeking compensation for services was held entitled to recover without proof that a cash realization had in fact taken place. (*Simon* v. *Etgen*, 213 N. Y. 589.) The court not only so construed the· contract, but engrafted thereon an implied covenant that the promisor would in fact endeavor to realize within a reasonable time. The right of McAvoy, therefore, to his reimbursement in cash could not be delayed further than the receipt by the corporation of the cash consideration from the municipality.

As submitted to them by the court's charge, the jury were entitled to find that upon the adoption of the resolution of April 13, 1923, already referred to, McAvoy had no further services to perform. True it is further steps were necessary before the corporation would receive cash. McAvoy, however, was not obliged to participate in the subsequent proceedings, nor could he have so done. His contract was with Schramme, a minority stockholder in a corporation holding title. This corporation disavowed any right of McAvoy to represent it. Therefore, in the condemnation proceedings consequent upon the resolution, McAvoy was not required to take part. The jury, therefore, were entitled to find under the court's charge

that McAvoy had fully performed his contract before his attempted discharge. The plaintiff was, therefore, entitled to recover upon her cause of action predicated upon full performance.

In the circumstances, we are of opinion also that, having shown full performance, plaintiff also established a cause of action upon the theory of a *quantum meruit*. The jury had sufficient evidence before them to show the nature of the work done, the difficulty of the task involved and the results attained. These, together with the retainer for full performance, which was some evidence of value, justified a recovery in favor of the plaintiff upon this theory. It is to be noted, moreover, that the defendant Schramme did not move to compel the plaintiff to elect on which theory she would go to the jury.

We have examined the record in connection with alleged errors in the admission of evidence and in the court's refusal to charge specific requests. The admission of evidence in respect to *res inter alios acta* was competent proof to show performance by the testator of his retainer and the nature, extent and character of the services rendered. We, therefore, find no material error requiring reversal which is predicated upon the admission of this class of evidence.

While it is true as a general rule that the defendant Schramme would have been entitled to a charge as requested to the effect that where the agreement of retainer is capable of more than one construction, it is to be construed " most favorably, most strongly in favor of the client " (*Matter of Hawke,* 148 App. Div. 326; affd., 204 N. Y. 671; *Samuels* v. *Simpson,* 144 App. Div. 466; affd., 207 N. Y. 643), the refusal here of such a request does not require reversal. The contract in the light of the evidence must, in our view, be given the construction which we have already placed upon it. Any other interpretation would, as we have indicated, result in too grave an injustice to the testator. (*Simon* v. *Etgen, supra.*)

So far as the dismissal of the complaint as to the defendant Inwood Land and Improvement Company, Inc., is concerned, we are of opinion that such disposition was proper. Such defendant was not a party to the agreement sued upon, nor is the evidence sufficient to warrant a finding that the defendant Schramme was representing it as his undisclosed principal, or that the corporation either adopted or ratified the contract. We disapprove, however, of the extra allowance granted to the plaintiff, as the case in our opinion is not brought within the purview of section 1513 of the Civil Practice Act. The judgment, therefore, will be modified by deducting therefrom the amount of such allowance.

It follows, therefore, that the judgment appealed from should

be modified by deducting therefrom the amount of the extra allowance awarded to plaintiff, and as thus modified, affirmed, with costs.

FINCH, P. J., MARTIN and TOWNLEY, JJ., concur.

Judgment modified by deducting therefrom the amount of the extra allowance awarded to plaintiff, and as so modified affirmed, with costs to the plaintiff against the defendant Sidney C. Schramme, and with costs to the defendant Inwood Land and Improvement Company, Inc., against the plaintiff.