In the Matter of the Claim of ANNA JULIAN et al., Respondents, against CITY OF LACKAWANNA et al., Appellants. STATE INDUSTRIAL BOARD, Respondent.— Medical testimony was requisite to establish a causal relation between the injuries suffered by decedent in the accident which befell him in the course of his employment on December 12, 1939, and his death from heart disease on July 4, 1940. Such as was presented was in sharp conflict. The finding of causal relation which has been made is supported by competent evidence and although of an opinion nature grounded upon due hypothesis, we may not say it is so unsubstantial as to fail in the legal requirements of that support. At death decedent was about thirty-six years old. He had been afflicted with chronic heart ailment since 1918, which disabled him in 1934, since which time to the date of his employment as a part time worker, by the City of Lackawanna in

February, 1939, and thereafter, he received assistance from the Erie County Welfare Department. He was employed as a laborer and worked on an average of three days per week up to the date of his injury, at $3.50 per day. In computing the disability and death benefits awarded the Board applied subdivision 2 of section 14 of the statute (Workmen's Compensation Law) and used the factor of another city laborer's earnings who, at the rate of $4 per day had earned $1,113 in working 279 days during the immediately preceding year, and thus determined decedent's weekly basis of compensation to be $21.40 or over twice what his actual earnings had been for the previous ten months. In this we think there was error. The difference in the fixed wage rates and schedule of employment time cannot be said to make the example of the greater earnings of the other employee reasonably and fairly applicable to the part time employment of decedent at a lesser wage rate, even though the nature of the work they performed was the same or similar. (*Matter of Moquin* v. *Glens Falls Hotel Corp.*, 245 App. Div. 56; *Matter of Ruppert* v. *Plattdeutsche V. Verein*, 263 N. Y. 338; *Matter of Barlog* v. *Bd. of Water Comrs., Dunkirk*, 238 App. Div. 225; *Matter of Bruno* v. *City of Niagara Falls*, 242 App. Div. 743.) This seems especially so in a case where the shortened, part-time schedule of employment is occasioned because of the employee's diminished capacity for work due to chronic disease. In such case it may well be that neither of the methods of computation prescribed by subdivisions 1 and 2 of the section can be reasonably and fairly applied. In such event then the method set forth by subdivision 3 is applicable. Decisions and award appealed from reversed on the law and facts, without costs, and the claims remitted to the State Industrial Board to determine the wage rate in accordance herewith and to take such further testimony respecting same as they may be advised. All concur.