Fred McFARLAND and Jerry Chaffee, d/b/a Western Land Brokers and McFarland Auction Service, Plaintiffs and Appellants,

v.

NORTHWEST REALTY COMPANY, a South Dakota Corporation, Sheldon F. Reese, Star Enterprises, Inc., a South Dakota Corporation, and Par Trust, Defendants and Appellees.

No. 14574.

Supreme Court of South Dakota.

Considered on Briefs Nov. 26, 1984.

Decided Feb. 6, 1985.

John T. Hughes of Morman, Smit, Shepard, Hughes & Wolsky, Sturgis, for plaintiffs and appellants.

Steve Jorgenson and Thomas J. Nicholson of McFarland, Petersen & Nicholson, Sioux Falls, for defendants and appellees.

DOBBERPUHL, Circuit Judge.

This is an appeal from a judgment which dismissed plaintiffs' suit for commission under an auctioneer's employment contract. We affirm.

On June 1, 1978, plaintiffs Jerry Chaffee and Fred McFarland signed an employment contract on behalf of Western Land Brokers and McFarland Auction Service (Auc-

tioneers). This contract provided that Auctioneers were to receive "five percent (5%) of the total amount realized from the sale of Seller's property," which included several parcels of land in Pennington County, South Dakota, only one of which is involved in this appeal. On behalf of the sellers, the contract was signed by Sheldon F. Reese, as President and principal shareholder of appellees Northwest Realty Company and Star Enterprises, Inc. (Sellers). Reese informed Auctioneers he wished to liquidate the assets of Star Enterprises. Appellee Par Trust was not a party to the contract and did not participate in any of the events surrounding the auction sale. Par Trust was brought into the lawsuit under an allegation that it had succeeded to the assets and liabilities of Star Enterprises, but no evidence was presented to substantiate this claim.

The land in question was to be sold "without reserve." Prior to the auction, Sellers decided to try to rezone the property from agriculture to low density in an effort to obtain a higher price. Auctioneers, however, recommended that Sellers attempt to rezone the property to limited agriculture. The contract of employment did not refer to Sellers' plans to obtain a rezoning.

Sellers encountered difficulties in attempting to rezone the property to low density, and decided to appeal the zoning board's decision to the circuit court. Sellers' attempts to obtain rezoning had not been completed by June 17, 1978, the date of the auction. Therefore, at the auction, Auctioneers announced that the sale of the property was contingent upon Sellers' attainment of a rezoning of the property from general agriculture to low density. The contracts for deed signed by the highest bidders at the auction contained a clause to this effect. Auctioneers deposited the down payment money in a trust account.

The zoning attempts ultimately failed, and Sellers refunded the down payments. Auctioneers retained the interest that had accrued on the down payments. Auction-

eers instituted a suit to receive commission allegedly due from the June 17, 1978, auction.

The trial court concluded that a sale made "without reserve" does not mean that it is made without restrictions, but rather that it is an agreement between the seller and the bidders in which the seller promises not to withdraw the property from sale regardless of how low the bids are. The court further found there was no completed sale and no amount realized on the auction.

■ Auctioneers have raised several issues in this appeal. In reviewing the trial court's decision, we must comply with the provisions of SDCL 15–6–52(a). The trial court's findings of fact may not be set aside unless clearly erroneous. *In re Estate of Hobelsberger*, 85 S.D. 282, 181 N.W.2d 455 (1970).

■ A without reserve sale does not necessarily mean that the property is being sold without restrictions. *U.S. v. Von Cseh*, 354 F.Supp. 315 (S.D.Tex.1972). Rather, the words are words of art which mean the property will go to the highest bidder and insures that the property will not be withdrawn from sale before the acceptance of a bid. *Id.* at 319. In other words, it means that the owner has entered into a "collateral contract" with persons bidding at the sale that he will not withdraw the property from sale, and if he wrongfully withdraws the property, the highest bidders are entitled either to damages or the property. *Wilcher v. McGuire*, 537 S.W.2d 844, 846 (Mo.Ct.App.1976).

■ It is clear that a without reserve sale confers rights upon the highest bona fide bidders and an obligation upon the seller. The auctioneer's rights would only be affected where the seller has wrongfully withdrawn the property from sale. Such is not the case here. Auctioneers made no allegations of bad faith on the part of Sellers. The property was to be sold to the highest bidder (without reserve) *only* if Sellers could overcome the restriction in the contract for deed, i.e., the land had to

be successfully rezoned before the sale could be completed. The property was not rezoned, despite the owner's apparently good faith efforts to obtain it. *See Goetz v. Anderson,* 274 N.W.2d 175 (N.D.1978) (Broker not entitled to a commission when a sales transaction is not completed, when the seller, for reasonable cause, rejected the buyer produced by the broker.)

■ Auctioneers allege they were not required to guarantee a completed sale in order to be entitled to a commission. The language of the contract specified that Auctioneers were to use their "best efforts" to bring about the sale. The trial court found that Auctioneers "did considerable work and everything expected of them preparing for the auction." However, the section requiring auctioneer's best efforts was separate and distinct from the section describing auctioneer's entitlement to a commission. The section on commission provided for a commission on the amount realized from the sale. Here, no amount was realized because the sale was not completed. The word "sale" used in its ordinary sense means that an entire and absolute transfer of the thing sold has occurred without reservation. *Gudim Realty, Inc. v. Hughes,* 284 Minn. 39, 169 N.W.2d 216 (1969). "Realized" means to reduce to actual cash in hand, and is ordinarily used in contrast to "hope of anticipation." *Weldon v. Newsom,* 67 Colo. 502, 186 P. 516 (1920); *Chelan Orchards v. Olive,* 134 Wash. 324, 235 P. 805 (1925). It means to render something tangible for the purposes of division. *Chelan Orchards, supra,* 235 P. at 806.

Sellers did not wrongfully prevent a sale from being completed. Therefore, we hold that a seller is not liable for a commission under a contract providing for a percentage commission on the total amount realized on a without reserve sale where the land is being sold subject to the condition that the sellers obtain a rezoning, which they are ultimately unable to obtain.

Auctioneers have challenged the trial court's findings on several other issues. However, due to our disposition of the above issue, we need not discuss any other issues. Accordingly, the judgment is affirmed.

FOSHEIM, C.J., and WOLLMAN, MORGAN and HENDERSON, JJ., concur.

DOBBERPUHL, Circuit Judge, sitting for WUEST, Acting Justice, disqualified.