OUTLET EMBROIDERY Co., INC., Respondent, v. DERWENT MILLS, LTD., Appellant.

First Department, January 31, 1930.

*Leo C. Weiler* of counsel [*Ash & Weiler*, attorneys], for the appellant.

*Solon J. Liebeskind*, for the respondent.

O'MALLEY, J. The essential facts upon which the action is predicated are stated in the dissenting opinion of Mr. Justice McAvoy. It is to be noted that the contract fixes a firm price. Because such price was made subject to possible future tariff revision, the agreement did not become unenforcible because of indefiniteness. Nothing in the pleading attacked shows any change in the existing tariff regulations. Such change would be a condition subsequent to be pleaded and proved by the defendant. If such revision would render the price indefinite or

unascertainable, then it might be said that the defendant could avoid the obligation asserted against it. " Indefiniteness must reach the point where construction becomes futile." (*Cohen .& Sons* v. *Lurie Woolen Co.*, 232 N. Y. 112, 114.) (See, also, Williston on Sales [2d ed.], § 8, p. 11.)

The order should be affirmed, with ten dollars costs and disbursements, with leave to the defendant to answer on payment of said costs and ten dollars costs of motion at Special Term.

Finch and Martin, JJ., concur; Dowling, P. J., and McAvoy, J., dissent.

McAvoy, J. (dissenting). The plaintiff sues the defendant for an al'eged breach of an executory contract of sale. The alleged contract is completely executory, there having been no performance thereunder of any kind by either party.

The kind of merchandise in question, which plaintiff agreed to purchase from the defendant, does not distinctly appear on the face of the three papers which constitute the alleged written contract. No point is now made based upon such failure to specify the merchandise in the contract, nor can such point be made on this appeal, as the amended complaint alleges that the boxes referred to in the order were boxes of yarn. The deficiency said to exist in the alleged contract is with respect to the element of price.

Appellant's argument is that the contract, by reason of the failure to definitely fix the price, is an illusory contract, or *nudum pactum*. A letter dated June 15, 1929, contained the following paragraph: " Also note that the price of $3.10 per box on your Fil D'Angora brand which we are to ship to you is subject to change pending tariff revision." At the bottom of the letter the following appears: " All prices subject to change pending tariff revision." This contract does not fall within the class of those in which the price may be made certain by other facts which are established or may be made certain.

The proposed tariff changes were pending at the time the contract was made. Of this we think judicial notice may be taken. And the defendant would not, in view of such possible changes of tariff, be definitely bound as to price, because nothing is stated to the effect that the change will be limited by the rise in the rates or that no rise will be made if the rate remains unchanged. If the contract had said nothing at all about price, undoubtedly a reasonable price would have been inferred, even giving effect to any tariff change which in the meantime might have become applicable. (*Franklin Sugar Refining Co.* v. *Lipowicz*, 247 N. Y. 465, 473.) But the mention of the specific price negatives any reference to

a reasonable price. The statement of a specified price must be held to negative a " prevailing price " as such phrase has been interpreted. (*New York Oversea Co., Inc.,* v. *C., J. & S. A. Trading Co.,* 206 App. Div. 242.)

The defect in the contract is one which cannot be supplied by implication or judicial construction.

The order appealed from should be reversed, with ten dollars costs and disbursements, and an order made granting defendant's motion for judgment dismissing the amended complaint, with ten dollars costs, with leave to the plaintiff to serve an amended complaint upon payment of said costs.

DOWLING, P. J., concurs.

Order affirmed, with ten dollars costs and disbursements, with leave to the defendant to answer within twenty days from service of order upon payment of said costs and ten dollars costs of motion at Special Term.