EDGAR C. RUWE COMPANY, INC., Appellant, v. LAYNE & BOWLER, INC., Respondent.

First Department, June 2, 1933.

*Michael Popper*, for the appellant.

*Edward J. Bennett* of counsel [*S. Weldon O'Brien* with him on the brief; *Hornblower, Miller, Miller & Boston*, attorneys], for the respondent.

O'MALLEY, J.   The question presented is whether the contract upon which the complaint is predicated constitutes a valid and enforcible agreement, or whether it is unenforcible by reason of indefiniteness.   If valid and enforcible, the complaint should have been sustained and the warrant of attachment obtained by the plaintiff on the basis of the cause of action pleaded should not have been vacated.

The complaint, in so far as material, establishes that on or about January 23, 1932, the parties entered into an agreement in writing, a copy of which is attached to the complaint; that in February, 1932, plaintiff began performance and duly performed all the conditions on its part to be performed until on or about August 19, 1932, when defendant refused to perform the conditions on its part and refused to permit plaintiff to continue longer to act under the agreement, notifying plaintiff that it would no longer act under the agreement and that it was canceled.   Damages are sought in the amount of $7,500 for such alleged unlawful termination.

The contract in question reads:

" GENTLEMEN:

" Please enter our order for the following:

" 240,000 to 300,000 mailing pieces, to cover twelve equal monthly mailings, including, envelopes, post cards, layouts, art, photo engravings, paper, printing, enclosing mailing (using metered mail at our discretion) one cent postage, and addressing. from addressograph stencils supplied by us.   Cost complete to be five and three-quarter (5¾) cents per mailing piece.   Mailings to begin during the month of February 1932.

" This price is based upon seven changes of copy lay-out and illustrations on the inside pages of these mailing pieces, outside pages to be identical on each run of 20,000 to 25,000.   Also there are to be two changes of names and addresses on inside pages only of each run of 20,000 to 25,000.

" Substantial author's changes are to be charged for extra over and above this contract price.

" It is further understood and agreed that if at the request of any subsidiary, or subsidiaries of this company, the monthly quantity specified above are materially reduced, a higher price, to

be mutually agreed upon by your company and ours will be paid by this company for the balance of the mailing pieces.

" It is also understood that if for any reason it is found necessary by our company to reduce the number of mailing pieces to be issued from twelve during the next twelve months (it is planned to issue them once monthly), a higher price than indicated will be charged, this price to be mutually agreed upon between our company and yours. It is also understood that you agree to maintain in good order our mailing list, consisting of 20,000 to 25,000 stencils (or a larger amount) at a cost usually charged by firms doing this type of work.

" It is further understood that should the total annual quantity be increased up to 600,000, the quality of the mailing pieces is to be proportionately increased. After this quantity, the price is to be reduced proportionately.

" It is understood that you are to bill us monthly for quantities issued during current months. These bills to be paid on the 10th of the month following that in which they are rendered.

" Yours cordially."

It is urged by the defendant that since the agreement gave the defendant the right without limitation, and without offering reason, to reduce the order, thereby rendering necessary a further mutual agreement upon a new price, and since the minimum number of mailing pieces set forth in the contract might be reduced upon certain contingencies, thereby effecting a change in price to be mutually agreed upon, that the agreement is too indefinite for enforcement. With this view we are not in accord.

So far as appears from the face of the complaint, no contingency has arisen under the contract calling for the fixing of a new price by mutual agreement. The contract as initially to be performed was clearly sufficiently definite in its terms to be capable of enforcement.

The agreement being a letter from the defendant must be presumed to have been drawn by it and, therefore, must be construed most strongly against it. The contract, from aught that appears, was still definite and certain and enforcible. Change in the price would not be possible unless some one of the contingencies on which it was to be predicated was an accomplished fact. (*Outlet Embroidery Co., Inc.*, v. *Derwent Mills, Ltd.*, 228 App. Div. 113; affd., 254 N. Y. 179, 185.)

Without a showing that a contingency had arisen which would call for the fixing of a new price upon terms mutually to be agreed

upon, the defendant had no right to cancel. (*Cohen & Sons* v. *Lurie Woolen Co.*, 232 N. Y. 112; *Outlet Embroidery Co.. Inc.*, v. *Derwent Mills, Ltd.*, *supra.*)

It follows, therefore, that the judgment and order appealed from should be reversed, with costs to the appellant, and the motion denied, with ten dollars costs, with leave to defendant to answer within twenty days from service of order, with notice of entry on payment of said costs.

FINCH, P. J., McAVOY, MARTIN and TOWNLEY, JJ., concur.

Judgment and order reversed, with costs, and motion denied, with ten dollars costs, with leave to the defendant to answer within twenty days from service of order upon payment of said costs.