RELIABLE PRESS, INC., Plaintiff, *v.* BRISTOL CARPET CLEANING COMPANY, INC., Defendant.

City Court of New York, Trial Term, Bronx County, December 6, 1939.

*Michael Popper*, for the plaintiff.

*Jason M. Zinaman*, for the defendant.

EVANS, J.   The action is to recover for the price of goods sold and delivered. The complaint does not say whether the contract for the sale and delivery was in writing or oral. The answer, by way of defense, admits the sale and delivery; but claims that the sale was made by sample, and that the merchandise delivered was not according to sample; that plaintiff recognized the defect in the nature of the merchandise delivered, and that a written contract was entered into to settle the possible controversy. The written contract is pleaded by way of defense; a copy of it is set forth in the answer. It provides that defendant shall accept the merchandise, " with the understanding that these are to be paid for after season providing it has brought in the business that Mr. Miller [defendant's president] expected, otherwise the payment is to be left to the entire discretion of Mr. Miller."

At the termination of the " season " the merchandise sold and delivered, which was printed advertising matter; did not bring the " business that Mr. Miller expected " and Mr. Miller then in his

" discretion " decided that no payment was to be made for the merchandise.

Plaintiff asserted the claim, at the trial, that the contract pleaded in defendant's answer was ambiguous, and that it meant that Mr. Miller could not decide, in his discretion, that no payment was to be made at all, but that he could only decide, in his discretion, whether payment was to be made in the amount demanded in the complaint, or in the sum of $697.67 or $897.67.

Ordinarily, one who claims an ambiguity in a writing must affirmatively plead such an ambiguity, and set forth his version as to the sense and meaning of the written language, so that his adversary may be clearly advised that an ambiguity is claimed, and the nature of the ambiguity.

It is to be noticed that careful pleaders, who claim ambiguity in a contract they rely upon, have pleaded the ambiguity in their complaint (*O' Neill Supply Co., Inc.*, v. *Petroleum H. & P. Co., Inc.*, 280 N. Y. 50), as they were warned to do. (*Outlet Embroidery Co., Inc.*, v. *Derwent Mills, Ltd.*, 254 N. Y. 179, 185.)

The rule is stated in Encyclopedia of Pleading and Practice (Vol. 4, p. 918) as follows: " Ambiguous Contract. It has been held, however, that if a copy of a contract set out in a complaint is ambiguous, the pleader must put a definite construction on it by averment."

So that, in a case where a plaintiff pleads a written contract, he will not be heard to say, upon the trial, that it is ambiguous in any sense, unless a statement of the ambiguity claimed, and the plaintiff's version as to the intention and meaning of the document is set forth in the complaint. In a case where the written document is set forth, as a defense, in an answer, without claim of ambiguity, as it is at bar, the allegations are deemed denied, without further pleading. I think, therefore, that the plaintiff, under its general denial to the defense (presumed by our rules of pleading), is entitled to assert the ambiguity of the written contract, pleaded by way of defense. It seems a fair rule that one who rests his rights upon a written contract, without claim of ambiguity, shall not be entitled to assert ambiguity at the trial, but one who denies his adversary's claimed rights under the written contract, may assert its ambiguity, under its general denial, without specially pleading it, so long as no reply was ordered to be served to the defense, pleaded in the answer.

On that theory, the trial court admitted parol testimony as to the intention of the parties to resolve the claimed ambiguity.

The testimony taken to resolve the ambiguity shows that the parties are in agreement as to what was meant by the phrase " after season " and the clause as to " the business that Mr. Miller

expected," but that they are in disagreement as to the meaning of the clause " otherwise the payment is to be left to the entire discretion of Mr. Miller."

The evidence is without contradiction that what was meant by " the business that Mr. Miller expected " was the amount of business equal to the same amount of business of the previous year. The evidence is also without contradiction that the amount of business for the year in suit was less than the amount of business of the previous year.

Defendant claims that the language of the contract as to Mr. Miller's discretion means precisely what it says. Plaintiff claims that it means that Mr. Miller's discretion to make payment is limited, so that he could decide whether to make a payment of the full amount demanded in the complaint, or the sum of $897.67 or $697.67. That was the only question of fact submitted to the jury, and the court instructed the jury that they could find a verdict for defendant, or for plaintiff in the sum of $697.67. The jury did not completely follow the instructions of the court and returned a verdict for the plaintiff in the sum of $797.67.

I do not believe that parol evidence may be admitted to alter, contradict, vary, add to or lessen the terms of a contract, on the mere assertion of ambiguity. An assertion of ambiguity, if properly pleaded, must be examined by the court, and if there be any reasonable basis for the assertion, then parol evidence may be admitted.

It is not the real intent of the parties that the court is called upon to construe, but the intent as expressed in the contract. If the real intent is not expressed in the contract, that may be the basis of an action to reform the contract, but until the contract is reformed, the intent as expressed in the contract governs. (3 Williston on Contracts [Williston & Thompson rev. ed.], § 610; *Zimmerman* v. *Loft*, 125 App. Div. 725, 729.)

The real intent of the parties as distinguished from the intent expressed therein, may not, therefore, be put into a contract by parol evidence, on a mere claim of ambiguity, and thus accomplish a reformation of the contract, without such relief being sought in a court of equity. The question is substantial, because in an action to reform a contract the trial is before a court of equity, whereas otherwise, the jury is made the trial tribunal for the reformation of contracts. The courts will, therefore, not make a new contract for the parties under the guise of interpreting the writing. (*Heller* v. *Pope*, 250 N. Y. 132, 135.)

When the disputed language, at bar, is examined, no ambiguity is to be found, either patent or latent. By allowing parol evidence to the effect that Mr. Miller's discretion was intended to be limited,

the plaintiff was allowed to contradict the plain terms of the contract, which left the matter of payment in the " entire discretion of Mr. Miller" (*Eighmie* v. *Taylor*, 98 N. Y. 288, 294), and thus accomplished a reformation of the contract, before a jury, which was not the proper tribunal for that purpose, provided by law.

The testimony was admitted and left to the jury, so that if the trial court be in error in its present decision, the appellate court may be able to correct it, without the necessity of a new trial.

Verdict set aside and complaint dismissed.