THE RELIABLE PRESS, INC., Appellant, *v.* BRISTOL CARPET CLEANING COMPANY, INC., Respondent.

First Department, February 7, 1941.

*Michael Popper*, for the appellant.

*Jacob M. Zinaman*, for the respondent.

O'MALLEY, J. The agreement having been drawn by the defendant is to be most strongly construed against it (*Ruwe Co., Inc., v. Layne & Bowler, Inc.*, 238 App. Div. 426, 428) and judged in the light of the situation of the parties at the time it was made. (*Gillet v. Bank of America*, 160 N. Y. 549, 555.) Moreover, a construction of an agreement that results in placing one party at the mercy of the other is to be avoided if possible. (*Simon v. Etgen*, 213 N. Y. 589; *McAvoy v. Schramme*, 238 App. Div. 225; affd., 263 N. Y. 548.)

In the circumstances, therefore, the court properly admitted oral testimony to explain the meaning of the phrase " the payment is to be left to the entire discretion of Mr. Miller; " and the finding that the discretion intended related to the right to make a limited reduction as agreed upon between the parties, and not a right to refuse *any* payment, was fully justified.

It follows, therefore, that the determination of the Appellate Term and the judgment of the trial court in setting aside the verdict in favor of the plaintiff and dismissing the complaint should be reversed, and the verdict reinstated, with costs to the plaintiff in all courts.

MARTIN, P. J., TOWNLEY, COHN and CALLAHAN, JJ., concur.

Determination of the Appellate Term, and the judgment of the City Court in setting aside the verdict in favor of the plaintiff and dismissing the complaint, unanimously reversed, and the verdict reinstated, with costs to the plaintiff in all courts.