COLERIDGE HART, Respondent, *v.* SOCONY-VACUUM OIL COMPANY, INCORPORATED, Appellant.

Second Department, October 26, 1942.

*William T. Gallagher* and *William D. Cunningham* for appellant.

*Charles Blank* and *Edward J. Wilson* for respondent.

*Per Curiam.* The action is for rent and taxes payable under a lease.

While defendant was in possession of plaintiff's premises as assignee of a lease, defendant and the landlord entered into an agreement modifying the lease, in that it relieved defendant from providing public-liability insurance and fire insurance on the premises as required in the lease; and defendant agreed to indemnify plaintiff against public liability and assumed

responsibility for repairing all damage caused by fire during the term of the lease. It was also provided in the agreement that, except as modified, the lease should remain in full force and effect. Thereafter defendant assigned the lease, and the claim in suit arose out of the default of its assignee. Plaintiff contends that by the agreement of modification, the parties adopted the lease as modified for the remainder of its term, and that defendant became liable thereby for the default of its assignee, while defendant contends that the agreement did not have that effect.

Reading the agreement as a whole, as it must be read (*Manson v. Curtis,* 223 N. Y. 313, 320), and in the light of the attendant circumstances and of the matter with which the parties dealt, it is clear that the parties modified the lease and adopted it as modified for the remainder of its term. While the general rule is that the liability of an assignee grows out of privity of estate and ceases when that privity ceases to exist, an assignee may contract, as defendant did in this case in adopting the lease, that he will remain liable after his possession has terminated and for the period of the lease. (*Mann* v. *Munch Brewery,* 225 N. Y. 194, 195.) In the circumstances of this case, the court properly found the meaning of the agreement of modification as a conclusion of law, since there was nothing in the agreement for a jury to pass upon. (*Outlet Embroidery Co.* v. *Derwent Mills,* 254 N. Y. 179, 184; *Kenyon* v. *K. T. & M. M. A. Assn.,* 122 N. Y. 247, 254.) The agreement, construed as above, is also " 'instinct with an obligation' " on the part of the defendant to comply with the terms of the lease during the term thereof. (Cf. *Wood* v. *Duff-Gordon,* 222 N. Y. 88, 91, 92, and cases therein cited.)

The order and judgment should be affirmed, with ten dollars costs and disbursements.

LAZANSKY, P. J., HAGARTY, CARSWELL, JOHNSTON and TAYLOR, JJ., concur.

Order and judgment affirmed.