POSNER, Circuit Judge,
dissenting from denial of rehearing en banc.
I join Judge Williams’s dissent unreservedly, but .offer this modest supplement to her excellent opinion.
Congress cannot bind successor Congresses. The fact that the general saving statute says that a repeal is not retroactive unless the repealing statute “expressly” states that it is, 1 U.S.C. § 109, is some indication that a repealing statute which, like the Fair Sentencing Act of 2010, Pub.L. No. 111-220,124 Stat. 2372 (Aug. 3, 2010), does not say in so many words that its provisions are retroactive is not. But the absence of an express statement is not proof and did not bind the Congress that enacted the Act last year. That may be why the Supreme Court has said that a “necessary implication” of a new statute would suffice to make it retroactive notwithstanding the saving statute’s word “expressly,” Great Northern Ry. v. United States, 208 U.S. 452, 465, 28 S.Ct. 313, 52 L.Ed. 567 (1908), and why the Court further reduced the force of the saving statute by later replacing “necessary implication” with “fair implication.” Warden, Lewisburg Penitentiary v. Marrero, 417 U.S. 653, 659 n. 10, 94 S.Ct. 2532, 41 L.Ed.2d 383 (1974).
That interpretive standard is met in this case — a conclusion reinforced by the principle that statutes are not to be interpreted literally when literal interpretation would produce absurd results. “If literalness is sheer absurdity, we are to seek some other meaning whereby reason will be instilled and absurdity avoided.” Outlet Embroidery Co. v. Derwent Mills, Ltd., 254 N.Y. 179, 172 N.E. 462, 463 (1930) (Cardozo, C.J.); see also Commissioner v. Brown, 380 U.S. 563, 571, 85 S.Ct. 1162,14 L.Ed.2d 75 (1965); Green v. Bock Laundry Machine Co., 490 U.S. 504, 527, 109 S.Ct. 1981,104 L.Ed.2d 557 (1989) (concurring opinion); FutureSource LLC v. Reuters Ltd., 312 F.3d 281, 284-85 (7th Cir. 2002); United States v. Balint, 201 F.3d 928, 932 (7th Cir.2000); In re Kaiser Aluminum Corp., 456 F.3d 328, 338 (3d Cir. 2006); Flynn v. Commissioner, 77 F.2d 180, 183 (5th Cir.1935). “Even strict constructionists reject literal interpretation when the result would be senseless.” United States v. Hudspeth, 42 F.3d 1013, 1014 (7th Cir.1994) (en banc).
Congress in section 2 of the Fair Sentencing Act, seeking to correct the unwarranted disparity in punishment for crimes involving crack and powder cocaine, raised the drug quantities needed to trigger the 5-, 10-, and 20-year mandatory minimum sentences for offenses involving crack imposed by 21 U.S.C. § 841(b). And in section 8 it directed the Sentencing Commission to amend the relevant sentencing guidelines within 90 days to conform them to the provisions of the new statute. The Commission did so.
The Commission cannot amend the statute that imposed the old statutory minimum sentences. See Neal v. United States, 516 U.S. 284, 294-95, 116 S.Ct. 763, 133 L.Ed.2d 709 (1996). (But that is all that Neal holds, so far as bears on this case.) The question is whether the new statute, by changing the statutory minimum sentences and ordering the Commission forthwith to change its guidelines to comply with the new mínimums, “fairly implies” that the new minimums govern all sentences imposed after the new statute took effect. The defendants were sentenced between February 7 and March 4 of this year, and thus after the Fair Sentencing Act was signed into law on August *462 3 of last year. Because their drug quantities were below the triggering levels for the new mandatory minimum sentences, if sentenced under the amended guidelines they could each receive a substantially reduced sentence.
Sentencing guidelines are applicable to all sentencings that occur after they are promulgated regardless of when the crimes for which the sentences are being imposed were committed. 18 U.S.C. § 3553(a)(4)(A)(ii). So unless the Act’s revised mandatory minimum sentences are also applicable to these defendants, they will receive sentences in excess of the sentencing guidelines that Congress — in directing the Sentencing Commission to make haste to conform them to the new, more lenient statutory mínimums (more lenient because of the enhanced quantity thresholds) — intended would apply to such defendants.
The perverse results of a literal interpretation are illustrated in the following tables. The first is general, the second specific to the four defendants in the present cases.
[[Image here]]
[[Image here]]
There is no reliance interest in punishing these defendants under the old law. And it would be fanciful to suggest (and there is no indication) that members of Congress who opposed the Fair Sentencing Act were so chagrined that a handful of defendants might get lighter sentences during a period of transition before the new law became fully effective that they exerted themselves to prevent the inclusion in the Act of an express statement that the new guidelines would override the old statutory mínimums for defendants sentenced after the Act’s effective date. Realism suggests that the opponents were conciliated not by the omission of an express statement authorizing retroactive sentencing but by sections 4 through 6 of the Act, which increase the punishments for some drug offenses.
It would not be arbitrary to give these defendants the benefit of the new law and the new guidelines, but not defendants sentenced under the old law before the new one was passed; for to allow those defendants to be resentenced would wreak havoc on finality in criminal proceedings. It is true that the Sentencing Commission has decreed that on November 1 of this *463 year the new guidelines will become retroactive, meaning that defendants sentenced under the old guidelines will be eligible to seek resentencing under the new ones. But those defendants, if their crimes predated the effective date of the Fair Sentencing Act, will continue to be subject to the old statutory minimum sentences. As a result, the number of defendants eligible to be resentenced will be, in the Commission’s estimation, manageable (approximately 12,000). See News Release, “U.S. Sentencing Commission Votes Unanimously to Apply Fair Sentencing Act of 2010 Amendment to the Federal Sentencing Guidelines Retroactively” (June 30, 2011), www.ussc.gov/Legislative_and_Public_ Affairs/N ewsr oom/Pr ess_Releases/ 20110630_Press_Release.pdf (visited July 30, 2011).
All that can be said in favor of punishing under the old law defendants not yet sentenced when the new one took effect is that if Congress were omnicompetent it would, out of an abundance of caution, have “expressly” directed that sentences imposed after the new law went into effect would be subject to the guideline amendments that the new law ordained. An omnicompetent Congress, leaving nothing to chance, would have made this express statement even though the Supreme Court has said in Great Northern and Marrero that courts should treat a “fair” or “necessary” implication in a new statute as sufficient to override the saving statute. A few judges may think that Congress is omnicompetent; more pretend to think that— what they really think being that literal interpretation of statutes is necessary to save the nation from judicial tyranny. Such questionable thinking can lead to gratuitously silly results in particular cases — these cases, for example.