HEYMAN COHEN & SONS, INC., Appellant, *v.* M. LURIE
WOOLEN CO., INC., Respondent.

**Contract of sale — when contract to furnish goods to plaintiff
has consideration for option to take additional goods at same
price — demurrer — when judgment on demurrer to plaintiff's
complaint is not a bar when error in first pleading has been
corrected in second.**

1. The defendant entered into a contract to furnish certain mer-
chandise to plaintiff which further provided that plaintiff is given
the " privilege  *  *  *  to confirm more of the above if [the defend-
ant] can get more." *Held*, that there is consideration for the option;
that the implication is plain that the buyer is to fix the quantity subject
only to the proviso that the quantity shall be limited by the ability to
supply; that a reasonable time is the term implied by law and that the
option imports a privilege to confirm at the price of the initial quantity.

2. A former judgment on a demurrer to the complaint is not a
plea in bar when the error in the first pleading has been corrected by
the second.

*Cohen & Son* v. *Lurie Woolen Co.*, 197 App. Div. 797, reversed.

(Submitted October 5, 1921; decided November 22, 1921.)

APPEAL from a judgment, entered July 8, 1921, upon
an order of the Appellate Division of the Supreme Court
in the first judicial department, which reversed an order
of Special Term denying a motion by defendant for
judgment on the pleadings and granted said motion.

*Jacob R. Schiff* and *Samuel W. Dorfman* for appellant.
The judgment on demurrer touching as it did a defect
in pleading is not *res adjudicata*. (*Hughes* v. *Blake*,
1 Mason, 519; *Greeley* v. *Smith*, 1 Woost. & M. 181;
*Carmony* v. *Hooker*, 5 Penn. St. 305; *Wilbur* v. *Gilmore*,
21 Pick. 253; *Vanlandingham* v. *Ryan*, 17 Ill. 26; *Harding*
v. *Hale*, 2 Gray, 399; *Cromwell* v. *County of Sac*, 94 U. S.
551; *Gilman* v. *Rives*, 10 Pet. 298; *Richardson* v. *Barton*,
24 How. 188; *Aurora City* v. *West*, 7 Wall. 90.)   The
complaint states a cause of action. (*Staples* v. *O' Neal*,
64 Minn. 27; *Pittsburgh Plate Co.* v. *Neuer Glass Co.*,

253 Fed. Rep. 161; *Rainey Lumber Co.* v. *Schroeder Lumber Co.,* 237 Fed. Rep. 39; *Becher* v. *Nat. Cloak Co.,* 128 App. Div. 423.)

*Samuel J. Rawak* and *A. S. Marcuson* for respondent. The former judgment recovered by the defendant in this action against the plaintiff herein is a bar to the maintenance of this action and judgment was properly rendered dismissing its complaint in this action upon the merits. (*Bell* v. *Merrifield,* 109 N. Y. 202; *Dawley* v. *Brown,* 79 N. Y. 390; *Stowell* v. *Chamberlain,* 60 N. Y. 272; *Ship* v. *Friedenberg,* 65 Misc. Rep. 308; *Hirschbach* v. *Ketchum,* 84 App. Div. 258; *Royal Fish Co.* v. *Central Fish Co.,* 159 App. Div. 151; *City of N. Y.* v. *N. Y. Railways Co.,* 193 N. Y. 543; *United States* v. *C. & O. Land Co.,* 192 U. S. 358; *Boyd* v. *Boyd,* 53 App. Div. 160; *Gould* v. *Evansville,* 91 U. S. 533; *Oklahoma* v. *Texas,* 65 L. Ed. [U. S. S. C.] 475.) The pleadings show that the plaintiff has no cause of action owing to the indefiniteness of the alleged contract. (*Cupples* v. *Lachner,* 99 App. Div. 231; *Hamilton Trust Co.* v. *Shevlin,* 156 App. Div. 307; 215 N. Y. 735; *Jackson* v. *Alpha,* 122 App. Div. 345; *United Press* v. *New York Press,* 164 N. Y. 406; *Lambert* v. *Hays,* 136 App. Div. 574; *Booth* v. *Milliken,* 127 App. Div. 525; 194 N. Y. 553.)

CARDOZO, J. The pleadings show a written contract, dated April 10, 1919, by which the plaintiff agrees to buy and the defendant to sell two hundred pieces of tricotine at $3.02½ per yard, delivery to be completed by June 1, 1919. The plaintiff is given the " privilege * * * to confirm more of the above if M. Lurie Woolen Company [the defendant] can get more." The two hundred pieces were delivered and paid for. The plaintiff, exercising its option, demanded as much more of the cloth as defendant could procure. The defendant confirmed the exercise of the option, and delivered sixteen additional pieces with the

8

statement that it could procure no more. In fact, it had procured five hundred pieces, which it withheld. The plaintiff suffered damage for which judgment is demanded.

We find no lack of consideration for the concession of an option. The privilege to order more is coupled with the promise and obligation to accept a stated minimum (1 Williston on Contracts, secs. 44, 140). *Schlegel Mfg. Co.* v. *Cooper's Glue Factory* (231 N. Y. 459) is not adverse to our conclusion. There the option stood alone; it was voluntary and revocable. Here the option is supported by the consideration of the sale.

The defendant, then, is bound, unless its promise is to be ignored as meaningless. Rejection on that ground is at best a last resort (*Matter of Buechner*, 226 N. Y. 440, 443; *Ellis* v. *Miller*, 164 N. Y. 434, 438; 1 Williston on Contracts, secs. 37, 137). Indefiniteness must reach the point where construction becomes futile. Uncertainties, thought to be impenetrable, are suggested in respect of subject-matter, time and price. They will be found to be unreal. It is said that we cannot tell whether the buyer, in exercising the option, must make demand for all that the seller can supply, or is free to call for less. We think the implication plain that the buyer is to fix the quantity, subject only to the proviso that quantity shall be limited by ability to supply. It is said the option does not state the time within which election is to be announced. We think a reasonable time is a term implied by law (*Pope* v. *Terre Haute Car & Mfg. Co.*, 107 N. Y. 61, 63). It is said the option does not embody a statement of the price. We think a " privilege to confirm more " imports a privilege to confirm at the price of the initial quantity. This option was drawn by merchants. We are persuaded that merchants reading it would not be doubtful of its meaning. It was meant to accomplish something. We find no such elements of vagueness as to justify the conclusion that in reality it accomplished nothing.

A former judgment, stated in the answer and admitted
in the reply, is pleaded as a bar. We think it fails of
that effect. The former judgment was on demurrer.
The defects in the first pleading have been corrected in
the second (*Gould* v. *Evansville & C. R. R. Co.*, 91 U. S.
526, 534; *Genet* v. *D. & H. C. Co.*, 163 N. Y. 173, 178).
The first pleading failed to state that election to avail
of the option had been announced within a reasonable
time. This was an omission that made it subject to
demurrer (*Pope* v. *Terre Haute Car & Mfg. Co., supra*).
The present pleading states that when the election was
announced, the defendant " ratified and confirmed " it,
and delivered sixteen pieces in response to the demand.
This was a waiver of the right of rescission for delay,
if any there had been.

The order of the Appellate Division should be reversed,
and that of the Special Term affirmed, with costs in the
Appellate Division and in this court.

HISCOCK, Ch. J., HOGAN, POUND, McLAUGHLIN and
ANDREWS, JJ., concur; CRANE, J., dissents.

Ordered accordingly.