The City of Montgomery filed suit for a preliminary injunction against defendants James Maull and Estella Maull seeking to enjoin them from denying the City access to and use of an easement for the installation of a sanitary sewer line. The City claimed an easement by virtue of a deed from the Maulls which described the easement as follows:
 "The south 5 feet of Lot 11, Block B, according to the George F. Moore Plat, as the same is filed for record in the office of the Judge of Probate, Montgomery County, Alabama, in Garrett Plat Book, Page 163." [Emphasis added.]
The Maulls claimed that at the time they signed the deed the description was not on it, and that the agreement between them and the City for an easement involved the "north 5 feet" of Lot 11, Block B, not the "south 5 feet of Lot 11, Block B, . . ." as shown by the deed. The Maulls counterclaimed and requested that the trial court reform the easement to conform to their alleged original agreement to show the "north 5 feet" as the location of the easement. They further asked the court to enjoin the City from assessing the costs and installation of the sewer line against them. During the trial, they also claimed that the City had agreed to install sanitary sewers on lots they owned on Juliette Street without assessing the cost of installation against them.
The facts out of which this case arose are as follows: In 1973, F.T. Enslen, a real estate appraiser, was employed by the City's engineering department to acquire some easements for a sewer project in the western part of Montgomery. Enslen was authorized to act as the City's representative in contacting property owners in order to obtain easements. During 1973, Enslen contacted the Maulls. The testimony is conflicting as to what transpired between the parties and especially as to whether the description of the easement was on the form deed at the time the Maulls signed this document. The Maulls testified that the description of the easement was not on the form when they signed it. They further testified that when they discussed the location of the easement, both James Maull and Enslen went down to the property and the location of the easement was pointed out. The Maulls testified that Enslen also represented that the "government was going to pay for it, and that the Maulls would not have to pay for the installation of the sewer."
On the other hand, Enslen testified that his offer to obtain the easement was limited solely to Lot 11; that he did not know that the Maulls owned other property in the area; that the deed description when he talked with the Maulls was already filled in; and that he did not go with Mr. Maull to the property on Lot 11, but showed the *Page 494 
Maulls a map of the property which pointed out the route that the sanitary sewer line would run across their property.
Subsequently, in 1976, a city contractor came to the Maulls' property to begin work on the sewer line. The area in which the contractor was working was on the south part of the Lot 11. Based on his understanding that the easement would run on the north five feet of the lot along the ditch, Mr. Maull denied the City contractor access to the property.
The trial court heard the evidence without a jury and rendered its decree which reads in pertinent part:
 "* * * [T]he Court finds that the City of Montgomery, Alabama, a municipal corportion, acting by and through its duly authorized agent, obtained an easement for a sanitary sewer line from James Maull and Estella Maull in consideration for a promise to install, at no cost to the Defendants, a sewer line across the north five (5) feet of Lot 11, Block B, of the George F. Moore Plat, and along Juliette Street in the City and County of Montgomery, Alabama. It is therefore
 "ORDERED, ADJUDGED and DECREED that the description in the easement for a sanitary sewer line from James Maull and Estella Maull to the City of Montgomery, Alabama, dated October 30, 1973, is hereby reformed to read as follows:
 "The North five feet of Lot 11, Block B, according to the George F. Moore Plat, as the same is filed for record in the Office of the Judge of Probate of Montgomery County, Alabama, in Garrett Plat Book, Page 163.
"It is further
 "ORDERED, ADJUDGED and DECREED that the City of Montgomery, Alabama, a municipal corporation, is hereby restrained and enjoined from assessing against the Defendants, James Maull and Estella Maull, any portion of the costs of installing the sewer line across the north five feet of Lot 11, Block B, according to the George F. Moore Plat, and along Juliette Street in the City and County of Montgomery, Alabama. . ."
[Emphasis added.]
The City contends that under the facts of this case a contract does not exist between the parties as there was no meeting of the minds and, therefore, under the doctrine of mutual mistake the deed should be cancelled. As stated previously, the City also contends that the offer not to assess costs of installation was limited to Lot 11, Block B; the Maulls claimed the offer applied to all of their property, including adjacent lots on Juliette Street.
It has been held that where one person makes an offer, and another in words accepts it, and they have in mind different things, there can be no contract since their minds must meet and concur on every necessary element, including the subject matter in order to create a valid contract. Southern Ry. Co. v.Birmingham Rail Locomotive Co., 210 Ala. 540, 98 So. 727
(1924). The findings of the trial court, however, reveal that an agreement was reached concerning the granting of an easement along or for the north five feet of Lot 11, Block B. A trial court's findings of fact adduced on evidence ore tenus are cloaked with a presumption of validity and will be disturbed only when manifestly erroneous. Baptist Foundation of Alabamav. Penn, 295 Ala. 122, 324 So.2d 766 (1975); Jones v. Ball,294 Ala. 654, 320 So.2d 665 (1975).
We are of the opinion that there were sufficient facts from which the trial court could find that the instrument was blank when signed by the parties as to the description where the easement would cross Lot 11. In addition there were sufficient facts from which the trial judge could find that the deed signed by the Maulls pursuant to the agreement was made incorrectly in that it indicated "the south five feet" of Lot 11 instead of the "north five feet" of Lot 11. The trial court did not err in granting equitable reformation of the deed.Original Church of God, Inc. v. Perkins, 292 Ala. 283,293 So.2d 292 (1974).
The City contends that it did not enter into a contract because no agreement was *Page 495 
entered into as prescribed by Tit. 37, § 467, Code. We disagree. The evidence supports the finding that Enslen was authorized by the City to execute a deed with the Maulls for an easement to their property.
The City maintains that the agreement between the parties is too indefinite to constitute a contract. Without question, an easement is an interest in land and can be created only by deed, by prescription, or by adverse possession for the statutory period. Camp v. Milam, 291 Ala. 12, 277 So.2d 95
(1973). The Court must look to the written instrument to determine the scope of the grant. Consolidated Foods Corp. v.Water Wks. San. S. Bd., 294 Ala. 518, 522, 319 So.2d 261
(1975). If the language is ambiguous or uncertain in any respect, the surrounding circumstances, including the construction placed on the language by the parties are taken into consideration so as to carry out the intention of the parties. 25 Am.Jur.2d, § 24, pp. 434-435. In the instant case, the evidence supports the trial court's finding that the City obtained an easement from the Maulls for a sanitary sewer line across the north five feet of Lot 11, Block B.
The City contends that the trial court's decree does not conform to the pleadings and is not supported by the proof. The City's position is that the trial judge in his decree restrained and enjoined the City from assessing against the Maulls any portion of the cost of installing the sewer line across the north five feet of Lot 11, Block B, and further restrained the City from assessing the cost of installation against lots owned by the Maulls along Juliette Street. The record shows that the Maulls own Lots 23, 24, 25 and 26 on Juliette Street. However, there is no averment in any of the pleadings that these lots were to escape assessment as part of the agreement between the parties. Most importantly, we find that there was insufficient evidence from which the trial court could have found that the Maulls were promised that there would be no charges assessed against them for the installation of the sewer line along Lots 23, 24, 25 and 26 in consideration for their granting the City an easement across Lot 11. Therefore, we reverse only that part of the trial judge's decree which enjoined the City from assessing against the Maulls the costs of installing the sewer line along Juliette Street. In all other respects, we affirm.
AFFIRMED IN PART; REVERSED IN PART.
TORBERT, C.J., and FAULKNER, SHORES and BEATTY, JJ., concur.