Boston Massey appeals from a judgment in the amount of $19,000 entered upon a jury verdict in favor of Educators Investment Corporation of Alabama, Inc., in its action based upon Massey's default in the payment of a promissory note. We affirm.
Educators filed suit against Massey because of his default in the payment of the $19,000 balance due on a promissory note. It also claimed attorney's fees of $2,855.61. Massey filed his answer, and a counterclaim against Educators alleging numerous violations of the Alabama Consumer Credit Act (the Mini-Code, §5-19-1 et seq., Code, 1975).
The case was tried before a jury. Conflicting evidence was presented as to whether Educators violated any provisions of the Mini-Code. After conclusion of the trial, the jury returned a verdict in the amount of $19,000 against Massey but did not award attorney's fees. Judgment was entered accordingly. Massey filed a motion for judgment non obstante veredicto, or in the alternative, for a new trial. The motion was denied.
Massey contends the trial court erred by denying his post judgment motion because, he says, Educators' action should have been abated on account of its violations of provisions of the Mini-Code; that § 5-19-11, Code 1975, requires abatement of Educators' action. Specifically, that Educators violated three sections of the Mini-Code: §§ 5-19-6, 5-19-10, and 5-19-11. Section 5-19-11 reads:
 "No creditor under this chapter shall bring an action on any debt for collection, and no judgment by default or otherwise shall be entered until the creditor shall file an affidavit stating that
 (1) There has not been a violation of the provisions of this chapter, and
 (2) The debtor, if a resident of this state, on information and belief of creditor is a resident of the county in which the action is filed.
 If such violation exists or if the debtor is not a resident of the county in which such action is filed, the action shall be abated."
An affidavit, as required by § 5-19-11 was filed with the complaint. The affidavit was that of Don F. Wiginton, attorney for Educators, and stated in pertinent part:
 "That I am the attorney for the plaintiff in the above styled cause and as such have authority to make the affidavit; that I am informed and believe and upon the basis of such information and belief state that there has not been a violation of the provisions of Act No. 2052, Acts of Alabama 1971, known as the Alabama Consumer Credit Act and commonly referred to as the `Mini-Code', since the effective date thereof, in connection with this lawsuit or the debt sued upon; that the defendant is a resident of Lowndes County, Alabama, and he is not in the military service of the United States of America. And that after all credits have been applied to the defendant's account, the defendant is indebted to the plaintiff in the amount of $19,037.42, attorney's fee of $2,855.61 and costs."
Massey contends that Wiginton is neither an employee, nor an officer of Educators; therefore, the affidavit does not comply with § 5-19-11. We disagree. A party's attorney is deemed to be an agent of the party with implied authority to make necessary affidavits in judicial proceedings he is employed to conduct.Anthony v. Anthony, 221 Ala. 221, 128 So. 440 (1930). The attorney for a business engaging in making consumer loans would be in a better position to know whether his client complied with the provisions of the Mini-Code than someone not learned in the law. Massey also contends that Educators was guilty of two violations of § 5-19-6. That section reads:
 "Any creditor, when extending credit with respect to a consumer credit sale, loan or lease other than open-end credit, shall at that time furnish to the debtor duplicate copies of all instruments executed by the debtor in connection with *Page 79 
the transaction. The credit sale contract, loan note or lease shall contain the following statement in eight point type immediately above the space for the borrower's signature.
 "`CAUTION — IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.'"
Cates, an employee of Educators, testified the "caution" statement was stamped on the original promissory note near the space where Massey signed it. The note and copies thereof were mailed to Massey for his signature. Massey testified that the "caution" statement was omitted on the original promissory note when he signed it; he also offered his duplicate copy of the note to show that it did not contain the "caution" statement. He contends the omission of the "caution" statement from the original promissory note was a violation of § 5-19-6. He also argues that even if the "caution" statement was printed on the original promissory note, nevertheless, Educators violated §5-19-6 by not providing him with a copy containing the "caution" statement.
Conflicting evidence was submitted to the jury about this disputed issue of fact and it determined that no violation of the Mini-Code occurred regarding the "caution" statement. The function of the jury is to resolve disputed facts. Its resolution of disputed issues of fact will not be reversed on appeal unless the verdict is against the preponderance of the evidence, or is clearly wrong or unjust. Osborne v. Cobb,410 So.2d 396 (Ala. 1982).
Although § 5-19-6 requires that a creditor "shall . . . furnish to the debtor duplicate copies of all instruments executed by the debtor in connection with the transaction," we opine that omission of the "caution" statement on Massey's copy resulted in no injury to him because the "caution" statement was stamped on the original promissory note next to the place he affixed his signature. Also, the fact that Massey received the promissory note in the mail is evidence from which the jury could conclude that he had ample time to thoroughly examine the provisions of the note. The general rule of contract law is that when the parties reduce their agreement to writing, the writing is the sole expositor of the transaction and the intention of the parties, in the absence of mistake or fraud or ambiguity. Gunnels v. Jimmerson, 331 So.2d 247 (Ala. 1976). If there was error, it was error without injury and that does not require reversal. Rule 45, ARAP.
Massey further contends that Educators violated § 5-19-10, Code 1975, by not explicitly limiting the attorney's fees to fifteen percent of the unpaid debt. Because no attorney's fees were awarded there is no need to address this issue.
We find no error in the trial court's denial of the motion for new trial. The grant or denial of a motion for new trial rests within the sound discretion of the trial court. The exercise of that discretion carries with it a presumption of correctness which will not be disturbed unless some legal right was abused and the record plainly and palpably shows the trial court was in error. Hill v. Cherry, 379 So.2d 590 (Ala. 1980).
This court finds the trial court, under the facts of this case and applicable law, was correct in denying Massey's post judgment motion. There is no error to be found in the record and the judgment of the trial court is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur. *Page 80