This is an appeal from a declaratory judgment in an action filed by Mrs. Ruth Rivers in the Circuit Court of Madison County against Oakwood College, Huntsville, Alabama, and certain officials of the college. We reverse.
Mrs. Ruth L. Rivers was employed as a full-time instructor by Oakwood College for four consecutive school years, namely, the 1978-79, 1979-80, 1980-81, and 1981-82 school years. For each of these school years, Mrs. Rivers signed a "Notice of Employment" which served as her employment contract with Oakwood.
This controversy concerns Mrs. Rivers's employment contract for the 1981-82 school year. On June 8, 1981, Mrs. Rivers and Mr. C.B. Brock, president of Oakwood, signed a "Notice of Employment" for the 1981-82 school year. This particular "Notice of Employment" provided that Mrs. Rivers would be employed from "8/10/81 to 6/11/82," as a full-time instructor with a prescribed rate of pay. Under the "Remarks" section of this contract, however, it stated:
 "95% Salary Plan — 12 monthly pay periods starting July 1, 1980 to June 30, 1981."
The record indicates that the dates stated under the "Remarks" section were incorrect, as the result of a clerical error, and the correct dates should have been "July 1, 1981 to June 30, 1982." The business office, which was in charge of drawing up the employment contracts, was responsible for the error.
Just after Mrs. Rivers's contract was signed, Maxine Logan, the president's secretary, noticed the error, and alerted Mr. Brock. They agreed that a revised contract should be drawn up, and Mrs. Logan instructed the business office accordingly.
A representative of the president's office then called Mrs. Rivers and informed her that there was an error in the contract that she had signed on June 8, 1981, and that she should come in and sign a revised contract. The date of this call is in dispute, but it is clear that Mrs. Rivers came in and signed the revised contract on June 29, 1981. It should be noted that both versions of the 1981-82 contract stated that "This Notice of Employment is void if not signed and returned by June 19, 1981."
Mrs. Rivers proceeded to work as a full-time instructor at Oakwood College for the 1981-82 school year and was paid the salary prescribed in both versions of her 1981-82 contract. By letter dated December 2, 1981, Mr. Brock informed Mrs. Rivers that she would not be rehired for the 1982-83 school year.
The record indicates that during the 1981-82 school year, Oakwood College had in effect certain policies and guidelines which the college was obliged to follow in dealing with faculty members. These *Page 76 
guidelines and policies are outlined in its handbook entitledGeneral Policies and Benefits for Full-Time Faculty Employees, 1980 Edition. This handbook provides, under "SEPARATION OF A TEACHER NOT ON CONTINUOUS APPOINTMENT," in pertinent part:
 "Notice of nonreappointment, or of intention not to recommend reappointment to the governing board, should be given in writing in accordance with the following standards:
". . .
 "3. At least twelve months before the expiration of an appointment after two or more years in the institution."
On October 6, 1982, Mrs. Rivers filed suit against Oakwood College, et al. In her complaint, Mrs. Rivers sought a judgment declaring that the defendants had violated the above-stated provisions of Oakwood's General Policies and Benefits forFull-Time Faculty Employees by failing to give her timely notice of nonreappointment. Mrs. Rivers also asked the court to declare that Oakwood had breached its contract of employment with her and to enter mandatory preliminary, and permanent injunctions requiring defendants to reinstate Rivers as a full-time business education instructor with all back pay, allowances, seniority, tenure status, and retirement benefits to which she would have been entitled had she been rehired for the 1982-83 school year.
Following denial of defendants' motion to dismiss, denial of each party's motion for summary judgment, and trial of the caseore tenus, the trial judge entered an order declaring:
 ". . . that Ruth Rivers was, following June 19, 1981, an employee at will of the college, and thus she was not the beneficiary of the policies and procedures accorded those employees teaching under contract with the school."
Accordingly, the trial court denied Mrs. Rivers's prayer for relief, whereupon Mrs. Rivers filed her notice of appeal to this court.
Mrs. Rivers's basic argument on appeal is that the trial court erred in its finding that she was an employee at will of the college for the 1981-82 academic year due to the fact that she failed to sign her revised "Notice of Employment" on or before June 19, 1981. We agree that the trial court erred.
The trial court determined that the original "Notice of Employment" was an offer to contract made by Oakwood College, and that the discrepancy in the dates contained therein caused that offer to be ambiguous, so that when Mrs. Rivers signed the offer on June 8, 1981, there was no meeting of the minds between Mrs. Rivers and Oakwood, and thus, no contract. This finding, unfortunately, fails to recognize certain basic principles of contract law.
Initially, the fact that an ambiguity existed in the language of the offer does not necessarily mean that the contract was void. It is a general rule that when parties reduce an agreement to writing, the writing is the sole expositor of the transaction and intention of the parties. Massey v. EducatorsInvestment Corp. of Alabama, Inc., 420 So.2d 77 (Ala. 1982). However, once the court determines that an instrument is ambiguous or uncertain in any respect, it becomes a question for the fact-finder to determine the true meaning of the contract. Mass. Appraisal Services, Inc. v. Carmichael,404 So.2d 666 (Ala. 1981). Furthermore, surrounding circumstances, including the construction placed on the language by the parties, is to be taken into consideration in order to ascertain and carry out the intention of the parties. SeeCarmichael, supra; City of Montgomery v. Maull, 344 So.2d 492
(Ala. 1977). Also, it is axiomatic that ambiguities should be interpreted most strongly against the party drawing the contract. Lilley v. Gonzales, 417 So.2d 161 (Ala. 1982); UnitedStates Fidelity Guaranty Corp. v. Elba Wood Products, Inc.,337 So.2d 1305 (Ala. 1976).
Drawing upon the principles stated above, we think it obvious that the "Notice of Employment" signed by Mrs. Rivers on June 8, 1981, was a valid contract. Although *Page 77 
there was an ambiguity in the dates listed under the "Remarks" section, the surrounding circumstances sufficiently indicate the true intention of the parties in that regard. The correct dates were stated in the "Employment Date" section of the contract and the dates listed under the "Remarks" section had already passed. Also, Oakwood College, the party who drew up the contract, had no policy of offering employment contracts for previous academic years.
A review of the record in this case leads us to the inescapable conclusion that the parties to the "Notice of Employment" signed on June 8, 1981, intended to and did make a contract upon the terms as set out in the revised version of the "Notice of Employment" signed by Mrs. Rivers on June 29, 1981. This second "Notice of Employment" merely served to resolve an ambiguity, i.e., to correct a clerical or typographical error, in the contract that existed between the parties. This court finds that Mrs. Rivers had a valid employment contract with Oakwood College for the 1981-82 academic year as of June 8, 1981. Therefore, she was entitled to a year's notice before the college could refuse to reappoint her.
Accordingly, the decision of the trial court is due to be, and is, hereby, reversed, and the case is remanded to the trial court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
ALMON, EMBRY and ADAMS, JJ., concur.
TORBERT, C.J., concurs in the result.