The appellants are six bus drivers employed by the Randolph County Board of Education. The Board and the appellants entered into contracts of employment in the summer of 1990 for the 1990-91 school year. All contracts were similar and provided, in part, the following:
 "1. That the party of the first part hereby appoints the party of the second part transportation agent on __________ Route at a salary of __________ Dollars ($ __________) per twenty scholastic days, payable monthly, for such time as the party of the first part shall need such service, beginning __________, 19__.
 "2. That the party of the second part agrees to run a motor truck over this route, as outlined by the Board of Education, every school day during the life of this contract and convey to the __________ School, all school children from this route and in addition such children from other surrounding districts as he may be reasonably able to carry."
On January 24, 1991, due to inclement weather, the superintendent dismissed school at 10:00 a.m. The bus drivers returned the students to their homes. The Board subsequently designated February 18, 1991, as the make-up day for the lost day in January. February 18, 1991, had initially been designated as a "professional day" — one in which the teachers were scheduled to work, but the students were not scheduled to attend school, and the bus drivers were not scheduled to transport the students. *Page 997 
The appellants requested that they be paid extra compensation for working on February 18, 1991. The Board asked the Department of Examiners of Public Accounts whether the appellants were entitled to extra pay. The department responded in the negative. The Board thereafter refused the appellants' request for additional compensation.
The appellants then filed an action on the contract in the Circuit Court of Randolph County. After pleadings, affidavits, documents, and motions, the appellants and the Board agreed that the case was appropriate for summary judgment. The trial court entered an order, granting the motion for summary judgment in favor of the Board. The bus drivers appeal.
The appellants assert that the trial court erred in its interpretation of the contract. They insist that they are contract employees. Their position is that the 175 days listed on the school calendar at the time the contracts were executed would be the "school days" to which the contracts refer. They insist that because they worked 176 days, they should receive additional compensation.
The Board's position is that the appellants were salaried employees, paid on a monthly basis to drive "every school day."
In entering judgment in favor of the Board, the trial court stated the following:
 "[T]he drivers were paid equal amounts each month including the month of May which actually contained only fifteen (15) school days. The Court is satisfied that the contract in question establishes the drivers as salaried employees. The Court is also satisfied that the conduct of the School Board in paying the drivers in equal installments and the conduct of the drivers in accepting these payments reinforces the idea that the drivers are salaried employees."
We find the terms of the contract to be ambiguous — that is, the contract is reasonably susceptible to more than one meaning. Vainrib v. Downey, 565 So.2d 647 (Ala.Civ.App. 1990). In an action on contract, summary judgment is appropriate only where the agreement is unambiguous. Harrington v. Feld,586 So.2d 220 (Ala.Civ.App. 1991). That principle of law, however, is not germane to the outcome of this case because we deem the procedure utilized to have been a submission on the merits since all relative evidence was offered by the parties.
Whether a contract is ambiguous is a question of law to be determined by the trial court. Vainrib. Once a court determines that an agreement is ambiguous, it becomes a question for the factfinder to determine the true meaning of the contract.Rivers v. Oakwood College, 442 So.2d 74 (Ala. 1983). "[S]urrounding circumstances, including the construction placed on the language by the parties, is to be taken into consideration in order to ascertain and carry out the intentions of the parties." Rivers. Furthermore, ambiguities should be interpreted most strongly against the party drawing the contract. Lilley v. Gonzales, 417 So.2d 161 (Ala. 1982). Where an action is tried and submitted to the court on the pleadings and stipulations of facts and issues, this court reviews the evidence, as well as the application of the law, without presumption favorable to the judgment of the trial court. Ike v. Bd. of School Comm'rs of Mobile County,601 So.2d 1014 (Ala.Civ.App. 1992).
The trial court did not make a specific finding concerning whether the contract was ambiguous. We infer, however, that it found the terms of the contract to be ambiguous because it considered the circumstances surrounding the execution of the contract, as well as the parties' course of dealings.Reeves Cedarhurst Dev. v. First Amfed Corp., 607 So.2d 184
(Ala. 1992). Although we agree that the terms of the contract are ambiguous, we find that the trial court erred in its interpretation of the provisions contained therein.
Prior to the time that the Board employed the appellants as bus drivers for the 1990-91 school year, it adopted a school calendar, which showed 175 days on which students were to attend school. We find that the meaning of the term "every school day" in paragraph 2 of the contract is supplied by reference to the school calendar adopted by the Board. The appellants were, therefore, employed on a contract basis to work 175 *Page 998 
days. We find that the provisions of the first paragraph, i.e., "a salary of __________ Dollars ($ __________) per twenty scholastic days, payable monthly," alludes only to the manner in which the appellants were to paid for the 175 days.
The trial court found that the appellants were salaried employees because they "were paid equal amounts each month including the month of May which actually contained only fifteen (15) school days." If we take the trial court's analysis one step further, it appears that the rationale employed by the trial court supports our conclusion — that is, the appellants were to be paid for 175 days, 20 days per month for 8 months and 15 days for the last month.
The trial court erred in its interpretation of the contract. The appellants were employed to drive 175 days. They drove 176 days. The judgment of the trial court is reversed and the cause is remanded for the court to determine the compensation owed the appellants.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.