Bruce H. Britt sued Edgard H. Gonzalez in the district court on November 16, 1996, seeking to recover monies Gonzalez allegedly owed him from the sale of decorative steel porch railing. On February 12, 1997, the court entered an amended judgment in favor of Britt for $1,250.
On February 19, 1997, Gonzalez appealed the judgment to the circuit court. On March 20, 1997, Gonzalez amended his appeal to add a counterclaim, alleging that he and Britt had entered into a contract for the sale and delivery of some decorative steel railing, including a steel staircase, that had been part of a *Page 929 
building demolished by Britt; that Britt had delivered part of the decorative steel railing and had been paid $1,250; and that Britt had failed to deliver the remainder of the decorative railing, including the staircase, which had caused Gonzalez to have to purchase a steel staircase elsewhere.
On June 18, 1997, Gonzalez moved for a summary judgment on Britt's claim and on his counterclaim. Gonzalez provided in support of his motion a brief, his affidavit, and the affidavit of Thomas Fillers, the individual from whom he purchased the steel staircase. Britt offered in opposition to the motion a brief and his affidavit. Following oral arguments, the court, on August 8, 1997, entered a summary judgment in favor of Gonzalez on Britt's claim and also entered a summary judgment for $1,462.14 in favor of Gonzalez on his counterclaim. Britt appeals.
In reviewing the disposition of a motion for summary judgment, we use the same standard the trial court used in determining whether the evidence before it presented a genuine issue of material fact and whether the movant was entitled to a judgment as a matter of law. Bussey v. John Deere Co.,531 So.2d 860, 862 (Ala. 1988); Rule 56(c), Ala. R. Civ. P. When the movant makes a prima facie showing that no genuine issue of material fact exists, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v.SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98
(Ala. 1989). Evidence is "substantial" if it is of "such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co.of Florida, 547 So.2d 870, 871 (Ala. 1989). This court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant.Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413
(Ala. 1990).
The facts of this case are disputed and must be discerned from the affidavits of the parties. Britt stated in his affidavit that Gonzalez had approached him at a jobsite and inquired about purchasing the decorative steel railing Britt was removing from a house he was demolishing. Britt and Gonzalez orally agreed that Gonzalez would purchase the railing for $2,500 and that Britt would deliver the railing to Gonzalez's home. Thereafter, Gonzalez inquired about some reproduction railing that was located at the rear of the house. Britt agreed that Gonzalez could have that railing as well and he agreed to deliver it with the rest of the railing. Subsequently, Gonzalez inquired about a circular steel staircase that was located at the rear of the house. Britt told Gonzalez that he could have the staircase, but Britt said that he would not deliver it. Gonzalez agreed to arrange for delivery of the staircase himself.
Gonzalez stated in his affidavit that when he and Britt agreed to the purchase of the decorative railing Britt told him he would be leaving the country for 10 days, but that he would deliver the railing that had already been removed from the house before he left, and would deliver the remaining railing, including the staircase, upon his return. On December 13, 1995, Britt delivered some decorative railing to Gonzalez's home. Gonzalez presented Britt with a check for $1,250 and a receipt. The receipt read as follows:
 "I, the undersigned, Bruce Britt with residence in Mobile, Alabama, declare to have received from Mr. Edgard Gonzalez the amount of $1,250.00 check No. 3203 as 50% payment for an amount of decorative steel that I have delivered to his home at 3066 Leroy Stevens Rd., Mobile, Alabama 36695.
 "It is our agreement that Mr. Gonzalez is purchasing all the decorative steel including the stairway that goes to the second floor, that is coming from a house that I have under contract for demolition at 204 Joachim St., Mobile, Alabama. The balance of $1,250.00 will be paid against delivery of the rest of the material."
The receipt was signed by both Britt and Gonzalez.
Britt stated in his affidavit that he delivered the remaining decorative railing in January 1996, but that he did not deliver the staircase and that he had informed Gonzalez that the staircase was available to be picked up. He further stated that at that time *Page 930 
Gonzalez had told him that his truck was being repaired and that when the repairs had been completed he would pick the staircase up. According to Britt, after several months had passed and the staircase had not been picked up and he had not received any additional payment, he attempted to contact Gonzalez and was informed by someone in Gonzalez's office that he no longer needed the staircase.
Gonzalez stated in his affidavit that the balance of the decorative railing, including the steel staircase, was never delivered to him. Gonzalez contracted with a third party for the construction and purchase of a new steel staircase for $2,912.14.
The court's order read, in part, as follows:
 "The Motion for Summary Judgment is Granted. Plaintiff has failed to introduce evidence to controvert Defendant's evidence to establish a genuine issue of material fact. The parties entered into an agreement evidenced by a written receipt signed by both parties. Plaintiff failed to introduce evidence that the receipt did not evidence the intent of the parties in entering the agreement. In failing to perform according to the terms of the contract, Plaintiff committed a breach of contract."
Britt contends on appeal that he presented substantial evidence that created a genuine issue of material fact as to whether the receipt evidenced the intent of the parties and that, therefore, summary judgment on the breach of contract action was improper. Gonzalez argues on appeal, as he did in the trial court, that the receipt constitutes a contract between the parties; that the contract is clear and unambiguous; that the contract evidences the entire agreement of the parties; and that, pursuant to the agreement, Britt was to deliver the staircase.
In a breach of contract action, a summary judgment is properly entered only where the contract is unambiguous and the facts are undisputed. Harrington v. Feld, 586 So.2d 220
(Ala.Civ.App. 1991). "Whether an agreement is ambiguous is a question of law for the trial court." Vainrib v. Downey,565 So.2d 647, 648 (Ala.Civ.App. 1990). An ambiguity exists when the agreement is reasonably susceptible to more than one meaning. Id. "The instrument is unambiguous if only one reasonable meaning clearly emerges." Id., at 648. Ambiguities should be construed most strongly against the party drafting the agreement. Akins v. Randolph County Bd. of Education,643 So.2d 995 (Ala.Civ.App. 1994).
The trial court did not make a specific finding regarding whether the written agreement was ambiguous.[1] It obviously found that Britt was obligated to deliver the staircase, pursuant to the agreement. We conclude, however, that the written agreement is ambiguous. The agreement clearly provides that Gonzalez was to purchase the remaining decorative railing, including the steel staircase, from Britt. The obligation to purchase the steel staircase, however, did not give rise to the dispute. The dispute arose over whether, according to the parties' agreement, Britt was obligated to deliver the staircase or whether Gonzalez was obligated to pick the staircase up. The agreement is unclear on this point. It provides: "The balance of $1,250.00 will be paid against delivery of the rest of the material." "Delivery of the rest of the material" could include just delivery of the remaining railing and not the staircase, as Britt contended in the trial court, or it could include delivery of the remaining railing, including the staircase, as Gonzalez contended. The agreement specifically identifies the staircase as one of the items being purchased by Gonzalez; however, it does not specifically identify it as one of the items to be delivered by Britt. We, therefore, conclude that the agreement is reasonably susceptible to more than one meaning and, therefore, ambiguous.
Further, Britt presented substantial evidence that the written agreement did not evidence the intent of the parties; this evidence created a genuine issue of material fact. The court found that Britt failed to introduce evidence that the receipt did not evidence the intent of the parties in entering the agreement. *Page 931 
 "[T]he nonmoving party cannot make a showing of a genuine issue of fact by resting on his pleadings alone. He must generally present a genuine issue of fact by opposing affidavit. That affidavit must be made on personal knowledge, must set forth facts to show the admissibility of the evidence, and must contradict the evidence presented by the movant showing that no issue of material fact exists. If the evidence contained in the opposing affidavit does not contradict that presented by the moving party the trial court must view the evidence as uncontroverted and enter summary judgment."
Johnston v. Central Bank of the South, 501 So.2d 1237, 1238-39
(Ala.Civ.App. 1987) (citation omitted). Britt's affidavit was sufficient to rebut the showing made by Gonzalez that the written agreement evidenced the intent of the parties and that, pursuant to that agreement, Britt was obligated to deliver the staircase to Gonzalez. Britt's affidavit was based on his personal knowledge; it set forth facts to show the admissibility of the evidence; and it directly contradicted the evidence presented by Gonzalez. Britt presented evidence that the parties had actually agreed that Gonzalez would pick up the staircase rather than delivering it along with the railing; that Gonzalez had agreed to pick up the staircase; that Britt had delivered the second load of railing and had informed Gonzalez that the staircase was ready to be picked up; and that Gonzalez had agreed to pick up the staircase once repairs were completed on his truck. We conclude that summary judgment was improperly entered in favor of Gonzalez; therefore, we must reverse the judgment and remand the case for further proceedings.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
ROBERTSON, P.J., and MONROE, CRAWLEY, and THOMPSON, JJ., concur.
[1] We infer that the trial court found that the receipt satisfied all requirements necessary to form a valid contract, because it found the receipt to be evidence of the parties' agreement.