767 So.2d 1116 (1998)
Fred CONAWAY and Mattie Conaway
v.
Minnie Norris NICKLES, a/k/a Minnie Norris; Harmon O. Wilson; and Belview Real Estate Company, Inc.
2970414.
Court of Civil Appeals of Alabama.
June 5, 1998.
Rehearing Denied July 10, 1998.
Fred Conaway and Mattie Conaway, appellants, pro se.
Stephen L. Sexton and Frank Steele Jones of Sexton & Jones, P.C., Birmingham, for appellee Minnie Norris Nickles.
*1117 J. W. Goodloe, Jr., of Vickers, Riis, Murray & Curran, L.L.C., Mobile, for appellees Harmon O. Wilson and Belview Real Estate Company.
MONROE, Judge.
AFFIRMED. NO OPINION.
See Rule 53(a)(1) and (a)(2)(F), Ala. R.App.P.; and City of Montgomery v. Maull, 344 So.2d 492 (Ala.1977).
The Alabama Supreme Court deflected this appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
ROBERTSON, P.J., and YATES and THOMPSON, JJ., concur.
CRAWLEY, J., dissents.
CRAWLEY, Judge, dissenting.
The contract in this case contains conflicting provisions. One provision states that, from the proceeds of the loan secured by the first mortgage, the buyers will make $7,000 worth of repairs to the house. Another provision states that the seller shall not be required to make any repairs to the property. The conflict in the two provisions arises from the fact that, if the buyers use $7,000 of the loan proceeds to make repairs, the seller will realize $7,000 less from the sale of the house; the seller will, in effect, therefore, be "making repairs" to the property.
The trial court determined that the conflict in these two provisions created an ambiguity. In that, the court was correct. Whether a contract provision is ambiguous is a question of law for the trial court to determine. Sealing Equip. Prods. Co. v. Velarde, 644 So.2d 904, 908 (Ala.1994).
The trial court went further, however, and determined that the ambiguity indicated that there had been no "meeting of the minds between the parties." In that, I believe the court erred. Not every ambiguity will make a contract void for uncertainty or invalid for lack of mutual assent. As Judge Cardozo stated in Heyman Cohen & Sons v. M. Lurie Woolen Co., 232 N.Y. 112, 114, 133 N.E. 370, 371 (1921), "Indefiniteness must reach the point where construction becomes futile."
"[O]nce the court determines that an instrument is ambiguous or uncertain in any respect, it becomes a question for the factfinder to determine the true meaning of the contract." Rivers v. Oakwood College, 442 So.2d 74, 76 (Ala.1983) (quoted in Decker v. Marshall-DeKalb Elec. Coop., 659 So.2d 926, 930 (Ala.1995)). In the present case, there was a jury demand. A jury should have resolved the ambiguity in the contract, i.e., should have determined the parties' intent.