767 So.2d 1117 (2000)
Ex parte Fred CONAWAY and Mattie Conaway.
(Re Fred Conaway and Mattie Conaway v. Minnie Norris Nickles, a/k/a Minnie Norris; Harmon O. Wilson; and Belview Real Estate Company, Inc.)
1971902.
Supreme Court of Alabama.
January 7, 2000.
Rehearing Denied February 18, 2000.
*1118 Fred Conaway, petitioner, pro se.
Submitted on petitioner's brief only.
PER CURIAM.
Fred Conaway and Mattie Conaway sued Minnie Norris Nickles, Harmon O. Wilson, and Belview Real Estate Company ("Belview") for specific performance of a real-estate sales contract. The trial court entered a summary judgment for the defendants, on the basis that the contract was void for lack of mutual assent. The Conaways appealed. This Court transferred the appeal to the Court of Civil Appeals, pursuant to § 12-2-7(6), Ala. Code 1975. The Court of Civil Appeals affirmed the summary judgment, without an opinion, but with a written dissent. Conaway v. Nickles, 767 So.2d 1116 (Ala. Civ.App.1998). We granted certiorari review. We reverse and remand.
Nickles owned a house located at 4850 Johns Road in Bessemer. She contracted with Belview and its agent, Wilson, to sell that house. The Conaways decided to buy it. They, along with Nickles and Belview, through its agent Wilson, signed a standard-form contract, captioned "General Residential Sales Contract," to which the following provisions had been added:
"Purchasers to obtain a first mortgage from lender of their choice for $45,000.00 with annual interest rate not to exceed 8%, amortized over a period of not less than 10 years with proceeds from the loan to do the following: 1. Pay in full approx. $38,000.00 first mortgage on property held by First Federal Savings Bank. (Not to exceed $38,000.00.) 2. Approx. $7,000.00 for house repairs to include new roof, new back porch and replace all rotten wood. Purchasers will see to the repairs being completed, to include re-painting and re-carpeting.
"Seller(s) to carry balance on purchase price in a second note and mortgage at 8% per annum interest amortized over a period of 15 years with payments beginning 31 days from the date of closing and each month thereafter. Purchasers [have] privilege of prepayment without penalty. Purchasers agree that land included is approx. 6.5 to 7 acres."
A dispute later arose over the approximately $7,000 earmarked for repairs. As a result of the dispute, Wilson refused to close the sale. The Conaways sued for specific performance of the contract.
In entering the summary judgment for the defendants, the court wrote:
"The Court, after hearing arguments from all parties finds the contract to be ambiguous in its terms so that there was no meeting of the minds to the contract. The Court therefore orders that no contract exists and that the earnest money of $5,050.00 be returned to the Plaintiffs."
In its no-opinion memorandum affirmance, the Court of Civil Appeals cited City of Montgomery v. Maull, 344 So.2d 492 (Ala.1977). Judge Crawley, dissenting from the affirmance, stated that although the contract was ambiguous, it should not be held void for ambiguity or lack of mutual assent. He wrote:

*1119 "The contract in this case contains conflicting provisions. One provision states that, from the proceeds of the loan secured by the first mortgage, the buyers will make $7,000 worth of repairs to the house. Another provision states that the seller shall not be required to make any repairs to the property. The conflict in the two provisions arises from the fact that, if the buyers use $7,000 of the loan proceeds to make repairs, the seller will realize $7,000 less from the sale of the house; the seller will, in effect, therefore, be `making repairs' to the property.
"The trial court determined that the conflict in these two provisions created an ambiguity. In that, the court was correct. Whether a contract provision is ambiguous is a question of law for the trial court to determine. Sealing Equip. Prods. Co. v. Velarde, 644 So.2d 904, 908 (Ala.1994).
"The trial court went further, however, and determined that the ambiguity indicated that there had been no `meeting of the minds between the parties.' In that, I believe the court erred. Not every ambiguity will make a contract void for uncertainty or invalid for lack of mutual assent. As Judge Cardozo stated in Heyman Cohen & Sons, Inc. v. M. Lurie Woolen Co., 232 N.Y. 112, 114, 133 N.E. 370, 371 (1921), `Indefiniteness must reach the point where construction becomes futile.'"
767 So.2d at 1117 (Crawley, J., dissenting).
We agree with Judge Crawley. An ambiguity in a contract does not automatically make the contract void. Once the trial court determines that a contract is ambiguous, it is for the jury to determine the true meaning of the contract. Decker v. Marshall-DeKalb Elec. Coop., 659 So.2d 926 (Ala.1995); Rivers v. Oakwood College, 442 So.2d 74, 76 (Ala.1983). This Court has stated:
"If the terms within a contract are plain and unambiguous, the construction of the contract and its legal effect become questions of law for the court and, when appropriate, may be decided by a summary judgment. However, if the terms within the contract are ambiguous in any respect, the determination of the true meaning of the contract is a question of fact to be resolved by a jury."
McDonald v. U.S. Die Casting & Dev. Co., 585 So.2d 853, 855 (Ala.1991). (Quoted with approval in Reeves Cedarhurst Dev. Corp. v. First Amfed Corp., 607 So.2d 184, 186 (Ala.1992)).
Because the terms of the contract were not so ambiguous that "construction becomes futile" (Heyman Cohen & Sons, cited in Judge Crawley's dissent, supra), the trial judge should not have entered a summary judgment in favor of the defendants. The judgment of the Court of Civil Appeals is reversed, and this cause is remanded.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, HOUSTON, COOK, SEE, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.
LYONS, J., concurs specially.
LYONS, Justice (concurring specially).
The language presenting the ambiguity does not present a hopeless indefiniteness leading to the futility of construction that Justice Cardozo condemned in Heyman Cohen & Sons, Inc. v. M. Lurie Woolen Co., 232 N.Y. 112, 133 N.E. 370 (1921) (cited by Judge Crawley in his dissent). The Conaways contend that the provision stating that the seller is not required to make repairs means that the seller has no responsibility for overseeing performance of any contract for repairs. This construction is not unreasonable. Thus, this case presents a jury question.