THOMPSON, Judge.
Garrett & Associates Real Estate, Inc. (hereinafter “Garrett”), sued Colonial Realty Limited Partnership (hereinafter “Colonial”) alleging breach of a contract and seeking $10,440 in damages. Both parties moved for a summary judgment. On November 20, 2001, the trial court entered a summary judgment in favor of Colonial. Garrett appealed.
A motion for a summary judgment is properly granted where no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56, Ala. R. Civ. P.; Bussey v. John Deere Co., 531 So.2d 860 (Ala.1988). After the moving party makes a prima facie showing that there is no genuine issue of material fact, the burden then shifts to the nonmoving party to demonstrate the existence of a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794 (Ala.1989). To carry that burden, the nonmoving party is required to present substantial evidence, i.e., “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). In reviewing a summary judgment, this court must view the evidence in a light most favorable to the nonmoving party and must resolve all reasonable doubts concerning the existence of a genuine issue of material fact in favor of the nonmovant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990).
The pertinent facts are undisputed. In mid-April 1999, Garrett, on behalf of its client, Southern Bank of Commerce (hereinafter “SBC”), submitted an offer to Colonial to purchase certain real property owned by Colonial. Because of certain restrictions in Colonial’s charter, it could sell only a limited number of properties each year. Therefore, Colonial proposed that SBC consider leasing the property for a short period, which would allow Colonial and SBC additional time to execute a sale of the property.
On February 24, 2000, Colonial and SBC entered into a lease contract (hereinafter “the lease”), whereby Colonial agreed to lease the property to SBC for $26,100 per year, for a period of 10 years, payable in 120 equal monthly installments. The lease did not provide a commission for Garrett. On March 3, 2000, Garrett sent Colonial a letter requesting that Colonial amend the lease to provide that Garrett *907 receive a commission as proposed in the letter. Karen Taylor, a representative of Colonial, signed a letter on March 3, 2000, to indicate Colonial’s acceptance of the proposed additional terms, which provided a commission to Garrett. The March 3, 2000, amendment to the lease provided that:
“(1) Article 23, Page 13 of the Ground Lease dated February 24, 2000, is amended to acknowledge that a lease and sales commission have [sic] been earned and is payable by [Colonial] under the following terms and conditions:
“(a) [Colonial] agrees to pay Garrett and Associates a leasing commission of 4% of the gross rent. Payment will be made on an annual basis, beginning with the first rental payment made by the Tenant, and payable yearly for the remaining term of the lease.
“(b) In the event the Tenant exercises its option to purchase the property in accordance with the terms of the Option to Purchase, [Colonial] agrees to pay Garrett & Associates and Colonial Properties a commission of 8% [handwritten in ‘to be split 50/50’] of the purchase price as set out in the Ground Lease. Any lease commission paid to Garrett & Associates in excess of the term of the lease due to an early sale, will be credited to [Colonial] against the above-stated sales commission.”
At some point after Colonial and SBC entered into the lease, SBC discovered that “there were errors in the plat and site plans with respect to the property to be leased.” Because of those errors, SBC no longer wished to lease the property. SBC entered into negotiations with Colonial with regard to terminating the lease. On August 4, 2000, Colonial and SBC entered into an agreement whereby Colonial agreed to terminate the lease agreement in exchange for SBC’s payment of $35,000. It is undisputed that SBC never made any of the payments due under the lease. It is also undisputed that Colonial did not make any commission payment to Garrett.
In its complaint, Garrett claimed that it was due a commission of 4% of the total lease payments due for the entire 10-year term of the lease, or $10,440.[1] Colonial maintained, and the trial court apparently agreed, that because Colonial did not receive any payments from SBC under the lease, Colonial did not, under the terms of the March 3, 2000, amendment to the lease, owe Garrett a commission.
On appeal, Garrett argues that the trial court erred in entering a summary judgment in favor of Colonial. In support of its argument, Garrett cites the language in the March 3, 2000, amendment to the lease agreement that provides that “a lease and sales commission have [sic] been earned and is payable by [Colonial] under the following terms and conditions.... ” (Emphasis added.) Colonial contends that that provision governs the timing of the commission payment, but not Garrett’s right to a commission payment. ’ Colonial maintains that Garrett was not entitled to a commission under the March 3, 2000, amendment to the lease because SBC had not paid Colonial pursuant to the lease agreement.
We recognize that “ ‘[t]he mere fact that adverse parties contend for different constructions does not in itself force the conclusion that the disputed language is ambiguous.’ ” Ex parte Awtrey Realty *908 Co., 827 So.2d 104 (Ala.2001) (quoting Antram v. Stuyvesant Life Ins. Co., 291 Ala. 716, 720, 287 So.2d 837, 840 (1973)). However, in this case, we must conclude that more than one reasonable meaning emerges from the provisions of the contract. See Britt v. Gonzalez, 710 So.2d 928 (Ala.Civ.App.1998). The parties’ intent and their exact agreement cannot be ascertained from the language of the lease and in the March 3, 2000, amendment to the lease. Therefore, we conclude that summary judgment was not appropriate under the facts of this case and that those issues should be determined by the trier of fact. See Britt v. Gonzalez, supra; Sang v. Jefferson County Bd. of Educ., 652 So.2d 310 (Ala.Civ.App.1994). We reverse the summary judgment in favor of Colonial .and remand the case.
REVERSED AND REMANDED.
YATES, P.J., and MURDOCK, J., concur.
CRAWLEY and PITTMAN, JJ., dissent.

. $26,100 annual gross rent multiplied by the 4% commission rate equals $1,044 per year, times 10 years equals $10,440.